## JONES VS JONES AD.

A judgment of the probate court—where to a claim for allowance and classification, amounting to $97 15, the administrator filed a set-off amounting to $7 63, and the court rendered judgment in favor of the administrator for $75 40—is palpably erroneous.

*Appeal from Lawrence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS, for the appellant.

If we understood the opinion of the circuit court, it was, that the court could not notice any error that appeared on the record unless it was specially pointed out by bill of exceptions.

We have always understood the law to be, that where an error appeared upon *the face of the record*, no bill of exceptions is required; that the office of a bill of exceptions was to bring upon the record something that did not appear upon the record. *Rogers et al. vs. Diamond*, 13 *Ark. R.* 482; 1 *Bouv. Law Dic.* 175; 1 *Phil. on Ev.*, by *Cowen & Hill*, 311.

It certainly cannot, with propriety, be contended that the probate court could render a judgment in favor of the defendant for a greater amount than that demanded in his set-off filed.

ROSE, for the appellee.

Our statute provides that " on every appeal (from the probate court), the circuit court shall determine the points made to the decision *to which exceptions have been filed*," *ch.* 4, *sec.* 181, *Eng. Dig.* If this statute receive a literal construction, the circuit

court did not err; because the point on which the appellant relies for a reversal here, was not mentioned in the bill of exceptions filed in the probate court.

"When a case is brought from the probate into the circuit court, by appeal, the circuit court must hear the matter *de novo* on the exceptions taken." *Dillard vs. Barnes*, 5 *Ark.* 301.

The only error of the *court* complained of, was, that the *jury* found for the defendant a verdict for a larger sum than the amount of his set-off. Precisely the same question was raised before the Supreme Court of New York in the case of *Wilson vs. Yarmouth*, 3 *J. R.* 433; and that court said the error was one of mere form and not substance.

Whether the verdict of the jury be right or wrong is a question which, I think, cannot now be made.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Elbert T. Jones applied to the probate court of Lawrence county for the allowance and classification of an account for $97 15, against the estate of Elbert Jones, deceased, which had been rejected by W. C. Jones, the administrator of the estate.

The administrator filed an account as a set-off, amounting to *seven dollars and sixty-three cents*.

The case was submitted to a jury, and there was a verdict and judgment of the court in favor of the administrator, against the plaintiff, for *seventy-five dollars and forty cents*.

The plaintiff appealed to the circuit court, where, upon inspection of the record, the judgment of the probate court was affirmed, and he appealed to this court.

The judgment of the probate court was palpably erroneous on its face, and should have been reversed by the circuit court, and a trial *de novo* awarded.

The judgment of the circuit court must be reversed, and the cause remanded for further proceedings.