NELSON & WIFE VS. GREEN.

Where the evidence, upon which a judgment of the Probaté Court is founded, is not apparent upon the record, and the appellant fails to set it out by bill of exceptions, there is no case for review by the circuit court on appeal from such judgment

The Probate Court has no jurisdiction to settle the partnership accounts of a deceased and surviving partner.

*Appeal from Hempstead Circuit Court.*

Hon. L. B. GREEN, Circuit Judge.

GARLAND & RANDOLPH for the appellants, contended that the statute does not require a bill of exceptions to be taken in all cases of appeal from the Probate Court, but leaves it discretionary with the appellant; and that when the record itself pre-. sents every fact necessary, to a full adjudication of the case, it is not necessary to give the circuit court jurisdiction on appeal from the Probate Court, that a bill of exceptions should be filed (*Dempsey vs. Fenno,* 16 *Ark*. 491;) and argued this cause on the exceptions to the Auditor's report.

HEMPSTEAD, for the appellee.

The appellants having failed to set out the evidence before the Probate Court, by bill of exceptions, the circuit court had no authority or jurisdiction to hear and determine the case, as the record itself does not present every thing necessary to a full adjudication of it. *Carnall vs. Crawford Co.* 6 *Eng*. 622; *Dempsey vs. Fenno* 16 *Ark*. 491; *Grimes vs. Bush Ib*. 648.

Mr. Justice FAIRCHILD delivered the opinion of the court.

William D. Green filed an account current of his dealings

with the estate of George W. Green, as his executor, in the Probate Court of Hempstead county, with statements of the interest of George W. Green in mercantile business in which he had been associated with William D. Green, and asked to be discharged from the further administration of the estate. Nelson and his wife, the latter having been the wife and widow of George W. Green, filed exceptions to the account, and upon their motion the account and statements and exceptions were referred to an Auditor to re-state the account and report to the court.

The Auditor seems to have industriously performed the duty assigned him, but Nelson and wife excepted to the report, assigning as objections thereto, not only the conclusions which the Auditor had drawn himself from the books and papers of George W. Green, and of the partnerships in which he had been a member, but also complaining of items that were reported according to the direction of the Probate Court, when the reference to the Auditor was made. Notwithstanding most of the credits allowed by the Auditor to the executor were founded upon the books and papers of George W. Green and of the partnership in which he and the executor had been associated, and upon vouches furnished by the executor, the evidence upon which the credits were allowed is not shown to have been before the court, nor did Nelson and wife bring it upon the record by bill of exceptions.

The Probate Court overruled the exceptions to the report, confirmed it ; and Nelson and wife appealed to the Circuit Court, but did not file any bill of exceptions in the Probate Court.

The Circuit Court, thinking it had no jurisdiction of the matters of account, as they were not brought to its notice by bill of exceptions, and as the evidence to sustain or overthrow the exceptions was not on the record, sustained a motion made by the executor to dismiss the suit for want of jurisdiction ; and Nelson and wife appealed to this court.

Without doubt, most of the matters of the account that were

within the jurisdiction of the Probate Court were not brought
to the notice of the Circuit Court, so as to give it the right to
decide whether the Probate Court erred in sustaining the report
of the Auditor; no evidence being preserved to show the
grounds of the decision of the Probate Court. And all such
matters as pertained to the condition of the partnerships of
George W. Green, which were included in the report, the Cir-
cuit Court did well to decline to review, independent of the
objection that was common to them and to the other matters
of account, as presented to the Circuit Court; for of such part-
nership matters the Probate Court had no jurisdiction, and had
no right to state an account between the surviving partner and
the deceased partner. These matters comprise the great part
of the accounts embodied in the report, and which Nelson and
wife wished to bring under the review of the Circuit Court; and
the action of the court being correct upon this subject, we affirm
its judgment in dismissing the case for want of jurisdiction.

If we conceived the course adopted by Nelson and wife to
be the only one open to them, or the proper method to insure
an effective examination into and adjudication of the matters
of difference between them and William D. Green, we might
look into the case with severer scrutiny, and expect to find some-
thing in the report, as dependent upon the views of the Audi-
tor, but more especially in it when following the express direc-
tions of the order of reference made by the Probate Court, to
which the jurisdiction of the Circuit Court would attach, under
the cases of *Dempsey vs. Fenno,* 16 *Ark.* 495, *Jones vs. Jones* 21
*Ark.* 409; *& Moreland vs. Gilliam* 21 *Ark.*, although the want
of a bill of exceptions setting out the evidence upon the con-
tested points would inevitably much embarrass the case. But
it is evident from a view of the transcript that no adequate
relief could be afforded to Nelson and wife in the Circuit Court;
and that the unsettled matters of partnership stated in it can-
not be settled by course of law, outside of a court of chancery.
Notwithstanding the affirmance of the judgment of the Circuit
Court, the action of Nelson and wife in the Probate Court, and

their appeals to the Circuit Court and to this court will not bar or hinder them in the prosecution or defense of any proceeding in equity, of which it had jurisdiction, and which they may be advised to make in the premises.