**TINER, Adm'r. v. CHRISTIAN, Adm'x.**

ADMINISTRATION— *When attorney's fees allowed.*—To entitle an administrator to charge his intestate's estate with attorney's fees, the fees should accrue in obedience to the order or sanction of the Probate Court.

JUDGMENTS— *What grounds of reversal.*—When the Circuit Court, on appeal, fails to pass upon a point which should have been decided, yet, when the decision, if made, would have been adverse to the appellant and not prejudicial to his rights, such failure cannot be considered as a good ground for reversal.

PROBATE COURTS—*Have no cognizance of vendor's lien and partnership.*— Probate Courts have no jurisdiction to enforce a vendor's lien or adjudicate and settle partnership claims.

DOWER—*Not allowed in proceeds of lands sold, etc.*—The widow is not entitled to dower in the *proceeds* of the sale of lands, whereof her husband died seized, made by the administrator, under order of the Probate Court, but she must look to the *specific* estate.

ADMINISTRATION—*Misapplication of effects, etc.*—The misapplication by an administrator of the effects of an estate, in distribution, will be rectified by the court, and such misapplication will not have the effect to deprive him of the commissions allowed, by law, for such sums of money as were *lawfully* expended in the settling of such estate.

APPEAL FROM ASHLEY CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*W. D. Moore and English, Gantt & English,* for Appellant:

*First.* The court below erred in not allowing attorney's fees as legitimate costs of administration ; See *Secs.* 194-5-6, *Chap.* 4, *Gould's Dig.* That the court should have considered the question of attorney's fees ; See *Sec.* 201, *Chap.* 4, *Gould's Dig.* As to the matter of bill of exceptions : See *Dempsy vs. Fenno,* 16 *Ark.,* 491.

*Second.* That the widow was entitled to dower in the lands, under *Sec.* 1, *Chap.* 60, *Gould's Dig.,* and she could " follow it wherever it might be found, and subject it to her lien." *Hill ad'r., vs. Mitchell,* 5 *Ark.,* 608. The mere conversion did not bar or destroy her right, previously vested, which was a charge upon the lands. *Menifee vs. Menifee,* 8 *Ark.,* 9 ;

*Bob vs. Powers,* 19. *Ark.*, 440. She is entitled to dower in the personalty, regardless of the solvency of the estate; *James vs. Marcus,* 18 *Ark.*, 422 ; and if personally sold, to one-third ·of the proceeds, *ubi supra.* Why should not same rule apply where lands are sold ? *Rose's Dig.*, *p.* 291–2. As to the question of vendor's lien, the court properly refused to consider it. *Adams on Eq. p.* 126.

*Third.* As to the right of the administratrix to commissions, ·etc., See *Secs.* 122–3, *and Chap.* 4, *Gould's Dig.*,· and even if .the effects of the estate had been misapplied, the creditors had .their remedy; See *Secs.* 146–7–8, *Chap.* 4 *and* 127, *Gould's Dig.*

· *Watkins & Rose,* for Appellee.

The memorandum filed showing the rulings of the judge, not being embraced in a bill of exceptions, is no part of the record. *Sawyers v. Lathrop,* 9 *Ark.*, 68 ; *Berry vs. Singer,* 10 *I d.* 489 , *Byrd vs. Brown,* 5 *Id.*, 710; *Cox vs. Garvin,* 6 *Id.* 431.

The widow has no dower in lands not paid for. *Thorn vs. Ingram* 25 *Ark.*, 52. The sale by the administrator could not .affect the widow's dower in the lands in specie, and she could have no claim on the money. Neither has a widow any dower in partnership property; certainly not before the partnership debts are paid. *Sumner vs. Hampton* 8 *Ohio,* 358.

BENNETT, J.—Mary K. Christian, as administratrix of Joseph D. Christian, deceased, surviving partner of Christian & Norris, filed in the Circuit Court of Ashley county, at its September term, 1869, her petition against Benjamin Tiner, as administrator of A. J. Buffington. The facts, as stated in the said petition, were agreed to by the attorneys, which were substantially as follows :

"That Tiner, as administrator of Buffington, under an order of the Court of Probate, of Ashley county, sold certain lands belonging to the estate of said Buffington, in Ashley county, for $700 00 which sale was reported for confirmation.

That said Christian, as administratrix, as aforesaid, prayed said Probate Court to order said Tiner, administrator, to appropriate said $700 00, first, to the payment of the legiti-- mate costs of administration, not including, as legitimate, any charges for attorney's fees, and the balance to the payment, so far as it would go, of a demand due the petitioner, as administratrix of said Joseph D. Christian, against the estate of said A. J. Buffington, of the fourth class, amounting to the sum of fifty-two hundred ($5200) dollars. That in proof of said petition for said order, it was proven that the claim was due for a part of the purchase money for the interest of said A. J. Buffington in the lands sold by Tiner, as administrator, aforesaid; that said interest in said lands was sold by Joseph D. Christian to said Buffington, for the purpose of forming a partnership, etc.; that said interest in said lands was held by said Buffington, as a partner, and for partnership purposes; that Edna C. Buffington, the wife of said A. J., was the administratrix of said A. J. Buffington prior to said Tiner; that she had paid, in full, all the debts and demands probated against said estate, of the fourth class, except the demand due the petioner, on which she had paid nothing, etc. That the said Probate Court made the order in accordance with the prayer of said petition; that, at a subse- quent day of said court, Tiner moved to set aside said order as to the exclusion of attorney's fees as legitimate costs, etc., that the court overruled the motion, to which Tiner excepted and prayed an appeal to the Circuit Court, which was granted; that afterwards, said Tiner, on a day of the same term of said Probate Court, moved the court to set aside the order to appropriate the balance of said $700 to said debt, due said Christian, as administratrix, and for cause shown. That by the last account current of said Edna C. Buffington, confirmed by the Court of Probate, the sum of about $600 was due her as commissions, as administratrix of said A. J. Buffington, and that said Edna C. Buffington was entitled to dower in said $700, as the widow of A. J.; that the Probate Court sus-

tained the motion of said Tiner, and set aside its previous order, to which Christian, administratrix, excepted and prayed an appeal to the Circuit Court, which was granted.

The court house at Hamburg, Ashley county, having been burned, sometime previous, all the original papers in the above cause were destroyed."

The above was agreed, by all the parties, should be taken as the substance of the proceedings and evidence in the cause, upon which papers it was submitted to the Circuit Court, and on motion the cause reinstated. Upon the hearing, the court found in favor of Christian, and ordered Tiner to pay over to her the $700, after deducting the legitimate costs of administration, without deciding directly as to whether attorney's fees for services rendered the estate were legitimate costs or not. Tiner excepted and appealed to this court.

From the above agreed statement of the pleading and facts, the following points were raised for the consideration of the Circuit Court:

*First.* Are attorney's fees legitimate costs of administration, and should the Circuit Court have considered this question, in reviewing the proceedings of the Probate Court, when presented in the record?

*Second.* Have Probate Courts jurisdiction in matters relating to a vendor's lien, or to the settlement of partnership debts or property, so as to determine the right of a widow to dower in the property said to be encumbered by the lien, or said to be partnership property?

*Third.* Was Edna C. Buffington, the widow of A. J. Buffington, entitled to dower in the $700, the proceeds of the sale of certain lands owned by said Buffington, and of which he died seized?

*Fourth.* Was the administratrix of the estate of A. J. Buffington entitled to commissions on the administration of said estate, if she had misapplied the effects of the same?

As to whether attorney's fees are legitimate costs of administration, *Sections* 194-5-6, *Chap.* 4, *Gould's Digest,* say:

"Where it shall become necessary, in the opinion of the Probate Court, for any executor or administrator to employ an attorney to prosecute any suit brought by or against such executor or administrator, the attorney so employed shall receive as a compensation for his services eight per centum, etc."

" The same compensation may be allowed for defending suits when, in the *opinion of the court,* the employment of an attorney may be indispensibly necessary to do justice to the estate."

" Such attorney's fees shall be paid as expenses of administration ; but no *attorney's fees* shall be allowed any executor or administrator unless for the prosecuting or defending a suit *under the direction of the court."*

Thus it will be seen, attorneys may be employed to prosecute or defend suits brought by or against executors and administrators, but no allowance of fees shall be made, unless for the prosecuting and defending suits under the direction of the court. The record, in the case before us, does not disclose what amount of attorney's fees were asked to be allowed, or for what the services were rendered, or that they were ordered or sanctioned by the Probate Court. But, on the contrary, the record shows that the prayer of the petitioner in the Probate Court was, " that Tiner appropriate said $700, first, to the payment of the legitimate costs of the administration, *not including as legitimate costs any charge for attorney's fees,"* etc., and that said court entered up an order in accordance with the prayer of the petition.

While the record is somewhat vague, yet the conclusion is, inevitable that the attorney's fees were not made in obedience to any sanction of the Probate Court, and no administrator would have been justified in charging the estate with them. It is true the Circuit Court should have decided explicitly upon this point, as well as all others involved in the case ; yet, not having done so—unless we go upon the general presumption that such was the case, and that presumption is

very strong outside of the opinion of the judge filed in the case, which is no part of the record—when the decision, if made at all, would have been adverse to the appellant, and not prejudicing any of his rights, cannot be considered as good ground for reversal.

As to the question of vendor's lien, claimed by Christian, the court very properly refused to consider it. A vendor's lien is only an imperfect one, recognizable and enforcible only in a court of equity. *Adams on Equity*, sec. 126. The same may be said as to the land sold being partnership property, and held for partnership purposes.

The record does not show that there were any former debts outstanding against the firm of Christian & Buffington, or any other firm of which Buffington had been a partner. The creditors of a firm have a proper tribunal wherein to adjudicate their claims; it cannot be done before the Probate Court. There was nothing to prevent the widow asserting her right to dower by reason of partnership debts. Was Edna C. Buffington, the widow of A. J. Buffington, entitled to dower in the $700, the proceeds of sale of certain lands owned by said Buffington, and of which he died seized? We think not.

In the case of *Hill's admr's. vs. Mitchell et al.*, 5 *Ark.*, 608, the court say: "The widow has dower for life of one-third of the real estate owned by her husband at any time during coverture, whether unsold at his death, or sold or alienated by him without her consent in legal form; and also for life, of one-third of all slaves possessed by him at his death absolutely. * * * * Her dower in each is carved out of the specific estate of which he was possessed; and if she has been deprived of it, she can follow it wherever it may be found, and subject it to her lien, unless by her own laches she has abandoned or waived her right. But she has no dower in the *choses in action* of the husband, though she has in his *money or cash in hand*." Again, in the case of *James vs. Marcus et al.*, 18 *Ark.*, 422, the court say, in the language of the

statute: " That the widow is entitled to dower in all personal property (except choses in action) of which the husband dies seized and possessed, regardless of the solvency of the estate or demand of creditors." A different rule as to "choses in action," however, prevails at present, by direct legislative enactment: *Act February* 21, 1859. Had the money been in the hands of the administrator as a part of the effects of the estate of Buffington, at the time of his death, there could have been no doubt of her right to dower. But it having been created by the sale of land belonging to the estate, after the death of Buffington, the widow must look to the specific estate from which it was derived, viz: the land sold, for her dower right. The appellants say, "if the administrator had sold personal property without alloting to the widow dower therein, she would have been entitled to one-third of the proceeds of the sale," and then ask the question, "why should not the same rule apply in case of lands?" and then say, "there is no reason why it should not." We think there is a very great reason why it should not.

Our statutes, and the ruling of this court, have said the widow shall be endowed absolutely of one-third of all personal estate owned by her husband at his death, and shall only be entitled to *dower*, during life, of one-third of his real estate. In one case she holds absolutely, in the other, only a life interest. If the doctrine of the appellants were true, a widow would only be obliged to have the administrator to convert the real estate into cash, by order of the court, and assign her one-third of it, and she become the absolute owner of it, thereby defeating the object of the law and defrauding heirs, etc.

To the right of the administratrix to commissions, even if she had misapplied the effects of the estate, we have no doubt. Yet it was the duty of the Probate Court to have reviewed her account current, and rectified all errors of misapplication, etc., and if she had paid one creditor to the exclusion of another, the court should have made a *pro rata* distri-

bution according to law. The administratrix was only entitled to credit herself with such sums of money as were *lawfully* expended in settling such estate, and her commissions as allowed by law. See *Sections* 120, 122, *Chapter IV, Gould's Digest.*

The record and agreed statement of facts, as presented, are so vague and indefinite as to make it very hard to arrive at the exact points upon which either the Probate or Circuit Court ruled, but the final judgment being that the $700, being the money arising from the sale of lands of the estate, should be paid to Christian, "after deducting the legitimate costs of administration," was not in accordance with law; it should have been that "it should have been applied to the payment of the debts of the estate." And if all claims had been paid that had been allowed in the various classes, as provided in the statute, except those in the fourth class, those demands should be paid in proportion to their amounts, which apportionments should have been made by the Probate Court, if there had not been enough assets to have paid all.

The judgment of the court below is reversed, and the cause remanded with instructions to proceed with the case in accordance with law, and not inconsistent with this opinion.