## CHOATE *v.* O'NEAL

### Opinion delivered February 11, 1893.

*Administration—Settlement of partnership.*

> The probate court has no jurisdiction to settle partnership accounts between a decedent and his surviving partner.

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

In October, 1890, Choate, as surviving partner of the firm of Cole & Choate, brought suit in the probate court against O'Neal as administrator of the estate of his deceased co-partner, to recover the sum of $776.80, being one-half of the principal and interest due upon a note for $677.66, executed April 1, 1879, by Cole & Choate to C. M. Freed. The evidence showed that Choate paid on the note $21.25 on August 1, 1882, and $90 on October 12, 1892; that, on November 15, 1885, he paid $500—one half of the principal and interest then due upon the note—in full satisfaction of the note. He sought to hold the estate of his partner liable for one-half of the full amount of the note with interest to the present time. The firm was dissolved in 1880. There was never a settlement of the accounts of the firm.

The claim was allowed in the probate court; on appeal the circuit court held that it was barred. Plaintiff has appealed.

*W. D. Jacoway* for appellant.

The claim is not barred by the first clause of sec. 4478, Mansf. Digest. The contract sued on is *in writing.* Choate is entitled to be subrogated to all rights of a creditor whose claim against the estate he has paid. Sheldon on Sub. 200; 11 S. W. Rep. 360; 31 Ark. 411–421; Bisp. Eq. 335 *et seq; ib.* par. 336; Sheld. Sub. par. 180, 183; 13 S. W. Rep. 82; 29 Ill. 132; 5 Del. Ch. 259; 20 Cent. Law Jour. 97, Contribution may be enforced in the probate court. 2 West. 448–9; Sheldon, Sub. par. 171.

*R. C. Bullock* for appellee.

1. The probate court had no jurisdiction, the rights claimed being cognizable exclusively in a court of equity. Art. 7, sec. 11, const. 1874; *ib.* sec. 34; Mansf. Dig. sec. 1358; 24 Ark. 191; 44 *id.* 423; 4 Dall. 434. The probate court having no jurisdiction, the circuit court acquired none on appeal. 6 Ark. 182. The remedy was in equity for contribution, 39 Ark. 238; 2 Lindley on Part. 569, note 2; 31 Ark. 411, 421.

2. The claim is barred. Mansf. Dig. sec. 4478; 39 Ark. 244; Bisp. Eq. sec. 392; 7 Ark. 348; Wood on Lim. p. 320, sec. 145.

MANSFIELD, J. On a settlement of the partnership accounts between the appellant and the appellee's intestate, the former was entitled to charge the latter with one-half the sum actually paid out of his personal means, in satisfaction of the firm's note to Freed. But unless on such settlement a balance was found to exist in favor of the appellant, he had no demand against Cole's estate arising out of the business of the partnership or because of payments made to discharge any of its liabilities. He testified that the accounts between himself and Cole as partners were never settled; and it has been repeat-

edly decided that under our laws the probate court has no jurisdiction to adjust accounts between a decedent and his surviving partner. *Nelson* v. *Green*, 22 Ark. 547 ; *Tiner* v. *Christian*, 27 Ark. 306 ; *Culley* v. *Edwards*, 44 Ark. 423 ; Const. 1874, art. 7, secs. 15, 34. As that court could not ascertain whether anything was due to the appellant except from an account which it had no power to state, it should have refused to take jurisdiction of his claim ; and the circuit court should have dismissed the case on appeal. *Grider* v. *Apperson*, 38 Ark. 388.

The appellant's remedy was by a suit in equity against the appellee to obtain a settlement of the partnership accounts and a decree for any balance shown to be due him. On obtaining such decree, it would of course become the subject of an allowance in the probate court under the statute, in the manner provided for common law judgments recovered against a decedent's personal representative. See Mansf. Dig. sec. 100 ; sec. 107 note (aa.) ; sec. 108 (bb.) ; also note (cc.) sec. 110.

Finding it unnecessary to decide the question raised by the appellee's plea of the statute of limitations, we have not considered it.

The judgment of disallowance rendered by the circuit court will be vacated, and the cause dismissed.