## FOWLER *v.* FRAZIER.

### Opinion delivered January 11, 1915.

1. PROBATE COURT—JURISDICTION—TITLE TO PROPERTY.—The probate court is without jurisdiction to try contested claims of title to property.
2. ADMINISTRATION—PARTNERSHIP ACCOUNT—JURISDICTION OF PROBATE COURT.—The probate court has no jurisdiction to adjust partnership accounts between an executor or administrator of a decedent and a surviving partner.

Appeal from Arkansas Circuit Court, Northern District; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee filed the following claim or statement of account against the estate of G. W. Frazier, in the probate court of Arkansas County:

| | |
|---|---:|
| To one-half interest in one gin stand | $ 80.00 |
| To one-half interest in one boiler | 60.00 |
| To one-half interest in one engine | 45.00 |
| To one-third interest in American pump | 20.00 |
| To one-third interest in one rice drill | 21.00 |
| To one-third interest in one Derring binder | 21.00 |
| To one-third interest in one Peerless thresher | 208.00 |
| To one portable engine and boiler | 405.00 |
| To one American pump | 35.00 |
| | $895.00 |

AFFIDAVIT.

State of Arkansas, County of Arkansas.

I, Silas Frazier, state that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum of $895.00 is justly due.

Silas Frazier.

Subscribed and sworn to before me this 18th day of April, 1913.

I. C. Gibson, County Clerk.

After hearing the testimony, the court rendered a judgment in his favor. A motion to dismiss was made there, challenging the jurisdiction of the court and over-ruled. Upon an appeal to the circuit court, the cause was tried by a jury, which returned a verdict in appellee's favor in the sum of $805, for which judgment was rendered.

It appears from the testimony that appellee was in partnership with his father, the deceased, for several years in rice growing, and likewise interested with him in the cotton gin. He testified that he got one-half the profits from the rice business and that he owned the different interests in the machinery, as shown by the claim filed, while his father, the deceased, owned the remainder. The administrator took charge of the machinery and sold it, appellee purchasing some of it at the sale.

There was no showing of any settlement of the partnership accounts before the filing of the claim against the estate, nor at all. Appellee made the following answers to the court's questions: "You said you were a partner with your father? A. Yes, sir. Q. Why did you file that claim with the administrator, then? A. I concluded that was the only way that I had to get it. Q. Are you asking for the property, or allowance for the claim against the estate? A. I am asking for the property. Q. You claim these specific articles? A. Yes, sir."

Appellant then moved to dismiss the suit for want of jurisdiction, which was overruled. Appellee finally stated that the administrator had taken charge of the property and sold it and that he filed the claim against the estate for his interest therein, acquiescing in and ratifying the sale by the administrator. The appellant, after moving to dismiss the suit for want of jurisdiction, declined to introduce any proof. He also asked the court to instruct the jury to find in his favor, the court being without jurisdiction, which the court refused to do. From the judgment against the estate, the administrator has appealed.

*Rasco, Botts & O'Daniel,* for appellant.

1. The probate court had no jurisdiction to determine contested claims of title to property or to wind up a partnership. The probate court having no jurisdiction, the circuit court acquired none on appeal. 55 Ark. 222; 15 *Id.* 386; Ark. L. R., vol. 37, 192; 38 *Id.* 471; 57 Ark. 299; 22 *Id.* 547; 44 *Id.* 423;

2. There was a partnership (93 Ark. 521; 63 *Id.* 518); and if the probate court had no jurisdiction the circuit court acquired none. 38 Ark. 932.

3. There is error in the court's charge. As soon as it developed that matters of equitable jurisdiction were involved the cause should have been transferred to equity. Appellee is estopped to claim title if he stood by and saw the property sell and made no objections, but encouraged the sale by bidding and buying. 16 Cyc. 762, 802; 34 Ark. 499; 39 *Id.* 131; 48 *Id.* 409; 24 *Id.* 371; 18 *Id.* 142; 14 *Id.* 505; 10 *Id.* 211.

*Jas. E. Ray,* for appellee.

1. The question of jurisdiction was not raised in the probate court. Our contention is that they were joint owners and not partners. The jury found that the engine and boiler was the individual property of appellant and was sold by the administrator. The presumption is in favor of the regularity and validity of the court's proceedings. 11 Ark. 529.

2. After a balance is struck one partner can sue the other. 11 Ark. 529; 44 *Id.* 423; 18 Am. St. 282; 11 L. R. A. 136. Whether a partnership or not is a question for the jury. 11 L. R. A. 136; 80 Ark. 23.

In order to constitute a partnership, it is necessary that there shall be something more than joint ownership. 91 Ark. 26.

3. If the circuit court had jurisdiction of even a part of the controversy, it had jurisdiction of the whole. 55 Ark. 222, is not applicable.

KIRBY, J., (after stating the facts). (1) It is well settled that the probate court is without jurisdiction to try contested claims of title to property. In *Shane* v.

*Dickson,* 111 Ark. 357, the court said: "The probate court has no jurisdiction of contests between an executor or administrator and third parties over property rights or the collection of debts due the estate. Its jurisdiction is confined to the administration of assets, which come under its control, and incidentally to compel the discovery of assets." *Moss* v. *Sandefur,* 15 Ark. 381; *Fancher* v. *Kenner,* 110 Ark. 117, 161 S. W. 166; *Mobley* v. *Andrews,* 55 Ark. 222.

(2) It is also unquestionably true that the probate court has no jurisdiction to adjust partnership accounts between an executor or administrator of a decedent and a surviving partner. In *Choate* v. *O'Neal,* 57 Ark. 299, the court held, quoting syllabus: "The probate court has no jurisdiction to settle partnership accounts between a decedent and his surviving partner." See, also, *Nelson & Wife* v. *Green,* 22 Ark. 547; *Tiner, Admr.,* v. *Christian, Admrx.,* 27 Ark. 306; *Culley & Son* v. *Edwards, Admr.,* 44 Ark. 423.

The probate court was without jurisdiction to try the question of title to the property and render judgment for it or the value thereof, or to adjust the partnership accounts and make a settlement thereof and allow the claim for any amount found to belong to the surviving partner. The testimony tended to show that the suit was for the recovery of specific articles of property, or the value thereof, or for the appellee's share and interest in the partnership property, no settlement of the partnership having been shown to have been made between the partners by agreement or otherwise, nor ascertainment of such interest.

It follows that the probate court was without jurisdiction of the cause, and since upon appeal the circuit court tries the case *de novo* and renders such judgment or makes such order as the probate court should have made, it acquired no jurisdiction on appeal.

The court erred in not granting appellant's motion to dismiss the suit for want of jurisdiction. The judgment is reversed and the cause dismissed.