MORRIS v. STROUDE.

Opinion delivered April 10, 1916.

PARTNERSHIP ACCOUNTS—ADJUSTMENT—JURISDICTION OF PROBATE COURT.—
The probate court has no authority to adjust partnership accounts
between an executor or administrator of a decedent and a surviving partner.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant filed a petition in the probate court, alleging that she was the owner of a judgment of allowance in favor of G. W. Morris, her husband, now deceased, against the estate of L. F. Tapscott, deceased, asking that the appellee administratrix be ordered to sell certain lands, describing them, which was the homestead of said L. F. Tapscott, who was survived by his widow and certain minor children, now of age, for the payment of said judgment.

A response was filed to said petition, denying there was a valid judgment against the estate or any lien upon the lands and pleading laches and statutes of non-claim and limitation, and upon the hearing the court found that the claim was a valid judgment against the Tapscott estate and a legal demand and ordered the lands sold for the payment thereof, from which judgment an appeal was taken to the circuit court. Upon the hearing there, the record of the probate court was introduced in evidence showing a citation issued upon the petition of the administratrix of the estate of L. F. Tapscott against G. W. Morris, a surviving partner, to require a settlement of the partnership affairs with his statement of the partnership business filed in the probate court, showing a balance due him of $182.20, which was exhibited as a claim against the Tapscott estate and allowed, after being disallowed by the administratrix. Said judgment of allowance recites: "Now on this day this cause coming on to be heard and is heard by the court upon the petition for citation, upon G. W.

Morris, and the response of the said G. W. Morris filed herein, from which the court finds that, during the lifetime of L. F. Tapscott he and G. W. Morris were partners in the warehouse business. That when the business of said firm was closed up by G. W. Morris, the surviving member, after the death of the said L. F. Tapscott, the deceased was indebted to G. W. Morris in the sum of $182.20.''

It is admitted that no appeal was taken from the probate court allowance, that Tapscott died in November, 1901, intestate, leaving surviving his widow and her minor children as alleged, five and seven years of age; that G. W. Morris, died November 24, 1906, leaving as his surviving heirs the petitioners, that Mrs. G. W. Morris, the appellant, is the sole owner of the judgment against the Tapscott estate; that the land sought to be sold under the order of the probate court was the homestead of Tapscott at his death and that his widow and children occupied it as such until 1904, when they moved to Hempstead County, where they have since remained. The administratrix testified that she was appointed administratrix of her first husband's, L. F. Tapscott's estate, and had paid all the claims against the estate, except this one; that her said husband before his death was in business with G. W. Morris; that she tried to get a settlement with Mr. Morris of the firm's affairs as he kept the books and other things and that she never did get a settlement from him.

Here the court stated: ''She had him brought in and a settlement by the probate court.''

The witness continued: ''No proceeding in the chancery court has been had to wind up the partnership affairs of the firm of Morris & Tapscott.'' It was also agreed that no proceeding had ever been instituted in the chancery court against the administratrix or the children of L. F. Tapscott concerning the partnership affairs.

The testimony further shows that the lands sought to be subjected to sale for the payment of the judgment of allowance were sold and conveyed by the son and

daughter, now of age, and their mother, in the year 1915, to one Hickson.

The court held the judgment of allowance of the claim by the probate court was void, having been rendered without jurisdiction and quashed same, from which judgment this appeal is prosecuted.

*D. B. Sain* and *T. D. Crawford,* for appellant.

1. The judgment was not barred by limitation. 48 Ark. 277. The probate court had no jurisdiction to sell the land during the minority of the children. 47 Ark. 445; 49 *Id.* 75; 52 *Id.* 213; 56 *Id.* 563; *Ib.* 574; 50 *Id.* 329. Until their right of homestead ceased, the statute of limitations did not begin to run. 97 Ark. 189. Minors cannot abandon a homestead. 29 Ark. 263; 73 *Id.* 266, etc.

2. The probate court had jurisdiction. Kirby's Digest, § 110 *et seq.* The partnership had been settled and this claim was for a balance due, a debt against the estate and it was properly allowed. 54 Ark. 397; 23 *Id.* 443; 26 *Id.* 135, 154; 117 Ark. 600; Lindley on Partnership, (8 ed.) 693; 4 Gratt (Va.) 293; 30 Mich. 304; 28 Ind. 109; 1 Woodw. (Pa.) 362.

3. The allowance was a judgment and cannot be collaterally attacked. 11 Ark. 519; 49 *Id.* 397; 44 *Id.* 426.

*W. C. Rodgers,* for appellee.

1. The claim is barred.

2. The probate court had no jurisdiction. 57 Ark. 299; 22 *Id.* 547. Jurisdiction cannot be had by consent, nor can want of jurisdiction be waived. 48 Ark. 151; 49 *Id.* 443; 90 *Id.* 195. The judgment was a nullity and subject to collateral attack. 29 Ark. 47; 4 Cranch. 241; 122 N. C. 64; 8 How. 495; 9 S. D. 850; 58 Ark. 181; 81 *Id.* 440, 463; 91 *Id.* 527, 534; 1 Pet. 328; 85 Ark. 213.

KIRBY, J., (after stating the facts). The jurisdiction of the probate court is confined to the administration of assets, which come under its control and incidentally to compel the discovery of assets and it has no jurisdiction to adjust partnership accounts between an executor or administrator of a decedent and a surviving partner.

*Fowler* v. *Frazier,* 116 Ark. 350; *Choate* v. *O'Neal,* 57 Ark. 299.

In this case, the testimony shows and the record of the allowance in the probate court, that it was made upon the statement of account of the partnership business by the surviving partner, showing a balance claimed to be due from the decedent of $182.20. The record also shows that this statement was made in said court after the surviving partner had been cited, upon the petition of the administratrix, stating she had made repeated demands upon him for a settlement of the partnership affairs, to appear and render an accounting. The statement of account was in writing and began as follows: "L. F. Tapscott estate, debtor to the firm of Morris and Tapscott." It then showed L. F. Tapscott, debtor to G. W. Morris in certain sums and concluded by certain credits and showing a balance due to G. W. Morris of $182.20. There were two affidavits to the account by said Morris, one showing the amount demanded justly due and the other stating "The above and foregoing account against the estate of L. F. Tapscott embraces all the items and transactions had between Geo. W. Morris and L. F. Tapscott, during the fall and winter of 1901 and 1902, except the Cudahy Packing Co.'s agency, which was managed by Tapscott and which leaves a balance due me of $182.20."

The recital of the judgment of allowance already set out, shows that the statement was an attempted settlement of the partnership business which was a matter beyond the jurisdiction of the probate court. In *Choate* v. *O'Neal, supra,* the court said: "As that court could not ascertain whether anything was due to the appellant except from an account, which it had no power to state, it should have refused to take jurisdiction of his claim; and the circuit court should have dismissed the case on appeal."

The record of the judgment of allowance of the claim against the estate of L. F. Tapscott by the probate court, shows it was made in an attempt to settle and

adjust the accounts of the partnership between the surviving partner and the decedent and that the court was without jurisdiction of the matter. Such being the case, its judgment was void and the circuit court in the trial below committed no error in so holding. The judgment is affirmed.