Charles M. BUTLER, Guardian et al *v*.
Garland Lavon NEWSOM, Executor

74-8                                      508 S.W. 2d 323

Opinion delivered April 29, 1974

*Douglas Bradley* and *Jon R. Coleman*, for appellants.

*Elbert S. Johnson*, for appellee.

GEORGE ROSE SMITH, Justice. Ruffin and Rudolph Newsom were brothers whose family business, comprising farming, a cotton gin, and a store, was incorporated in 1959 as Newsom Brothers Gin Company, Inc. Ruffin had died in 1958; Rudolph died in 1972. After the latter's death his son, the appellee Garland Lavon Newsom, was selected at a family meeting to liquidate the business, which was conceded to be in failing condition. The appellee proceeded to sell the assets, pay the corporation's debts, and distribute what was left.

These two chancery suits, consolidated below, were brought by the appellants against the appellee individually and as the personal representative of his father's estate. The chancellor decided both cases in favor of the appellee. The cases present separate issues which must be separately discussed.

The essential facts are not in dispute. Before Ruffin's death the brothers operated the business as a partnership. After Ruffin's death his widow, as the administratrix of his estate, and Rudolph, as the surviving partner, incorporated the business. A probate court order approved the exchange of the estate's interest in the partnership for shares of stock in the corporation. Half the total stock was issued to Rudolph and the other half to Ruffin's widow and children in propor-

tion to their interests. Rudolph managed the company until his death in 1972.

The first of the two consolidated suits was brought against Rudolph's estate by Ruffin's youngest child, the appellant Lisa Kay Newsom. She was one year old when the partnership was incorporated in 1959. Her stock in the corporation was then worth $18,800, but through the years its value declined. Lisa Kay now contends, through her guardian, that she is entitled to repudiate or disclaim interest in the corporation and hold Rudolph's estate liable for the original value of her stock, with interest from 1959.

The chancellor was right in rejecting that contention. There is, of course, no suggestion that Lisa Kay, at the age of one, was a party to a contract which she can now disaffirm. Instead, she contends that under the Probate Code and the Uniform Partnership Act the incorporation of the family business was unauthorized and therefore void as to her.

We do not so construe the statutes. The Probate Code provides that property belonging to an estate may be sold or exchanged under court order when necessary for any purpose in the best interest of the estate. Ark. Stat. Ann. § 62-2704 (Repl. 1971). The 1959 probate court order found that, owing to the complexity of the partnership business, it was to the best interest of all parties that the interest of Ruffin's estate in the partnership be exchanged for stock in the new corporation. The probate court made no attempt to settle the partnership accounts, which distinguishes this case from our holding in *Morris* v. *Stroude*, 123 Ark. 313, 185 S.W. 451 (1916). The 1959 order was within the probate court's authority and binding upon the beneficiaries of Ruffin's estate.

Lisa Kay also relies upon the Uniform Partnership Act (Ark. Stat. Ann., Title 65, Ch. 1 [Repl. 1966]), under which we have held that a surviving partner who continues the partnership instead of winding it up does so at his peril. *Zach* v. *Schulman*, 213 Ark. 122, 210 S.W. 2d 124, 2 A.L.R. 2d 1078 (1948). There is a distinction, however, between continuing the partnership itself and continuing the business in which it was engaged, so long as the rights of the estate of a deceased partner are protected. The business of most partnerships,

such as a law firm or a mercantile concern, is continued after the death or retirement of a partner, even though the partnership itself is dissolved. Here Rudolph, as the surviving partner, wound up the partnership by the transfer of all its assets to the corporation. Nothing in the uniform act requires either that the partnership business be terminated or that it be continued only as a partnership rather than as a corporation. Hence the appellant's argument that Rudolph violated his statutory duty to wind up the partnership cannot be sustained.

In the second case the corporation itself asserts a claim against Rudolph's estate. On March 1, 1967, the corporation signed a demand note to Rudolph Newsom for $41,059, with interest at 7% per annum. When Rudolph's son, t h e appellee, liquidated the corporate business, he paid the amount of that note to himself, as executor of his father's will, on April 19, 1972, with interest totaling $17,058.49. The corporation admits its liability for the principal debt, but it contends that it was not liable for interest on the obligation.

We agree with that contention, because the weight of the evidence shows that the parties never intended for the debt to bear interest. Through the years the various members of the Newsom families maintained running accounts with the family corporation, as for groceries and other subsistence. In 1967 the corporation obtained a loan from a federal agency, the Small Business Administration. At that time Rudolph's account on the corporate books showed a large balance in his favor, as a result of his having deposited the proceeds from a personal real estate transaction. The SBA required that Rudolph's claim against the corporation be subordinated to its proposed loan. To that end the note in question was executed and made subordinate to the SBA obligation.

The note was never shown on the corporate records as a debt of the corporation. To the contrary, the various family accounts were carried on the books in the same way as they had been previously. No interest was ever paid upon such accounts. Finally, the obligation, as a promissory note, was barred by limitations when Garland Lavon Newsom paid it to himself; but as a running account it was not barred, there having been debits and credits to the account. Upon the proof as a whole we are convinced that the execution of the note

was simply a paper transaction required by the SBA, which did not change the character of the corporation's indebtedness to Rudolph Newsom. The corporation is therefore entitled to recover from Rudolph's estate the amount of the interest payment.

Affirmed in part, reversed in part, and remanded.