SKEIF *v.* BOHALL.

Opinion delivered May 29, 1911.

1. COURTS—JURISDICTION OF PROBATE COURT TO CONSTRUE WILL.—Probate courts have no jurisdiction of a suit to construe a will. (Page 339.)

2. SAME—JURISDICTION OF PROBATE COURTS.—Where the probate court was without jurisdiction, the circuit court acquired none by appeal. (Page 339.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; reversed.

*E. W. Rector,* for appellants.

The probate court was without jurisdiction to construe the will.

*M. S. Cobb,* for appellees.

McCULLOCH, C. J.  This case involves a controversy between appellants and appellees as to the effect of certain clauses in the last will and testament of Jeremiah W. Skeif, devising lands in Garland County, Arkansas.  Appellants assert title to the lands as heirs of Mary E. Skeif, deceased, who was named as devisee, and appellees, who are heirs at law of said Jeremiah W. Skeif, claim that the devise to Mary E. Skeif lapsed on account of her death prior to the death of said testator and that the lands passed to his heirs and not to the heirs of Mary E. Skeif.  Appellees filed a petition in the probate court of Garland County, asking for a construction of said will, and subsequently the case was carried to the Garland Circuit Court by appeal from the judgment of the probate court.  The circuit court rendered a judgment construing said will, and an appeal to this court has been duly prosecuted.

Probate courts are not clothed with jurisdiction of a proceeding, the sole purpose of which is to obtain construction of a will.  The only question involved is as to the legal title to the lands described in the petition, and an action of ejectment in the circuit court is the appropriate remedy.  No trust being created by the will, even a court of equity would not have jurisdiction to construe it.  *Head* v. *Phillips,* 70 Ark. 432; *Frank* v. *Frank,* 88 Ark. 1; *Williamson* v. *Grider,* 97 Ark. 588.

The probate court being without jurisdiction, the circuit court acquired none on appeal.  The judgment is therefore reversed, and the petition dismissed.