HOLLAND v. BRADLEY.

4-5125

Opinion delivered June 20, 1938.

MEHAFFY, J. On September 6, 1933, Jack F. Lyon made a will bequeathing all of his property to his nephew, William A. Lyon, and William A. Lyon was nominated and appointed sole executor of the will. The will was admitted to probate by the probate court of Pulaski county, Arkansas. The heirs of Jack F. Lyon filed affidavit for appeal and alleged fraud in procuring the will. The appeal was granted to the circuit court, and on April 12, 1937, the case was tried in the circuit court before a jury, and there was a judgment affirming the judgment of the probate court. There was no appeal taken from this judgment.

The heirs, other than those who took the appeal from the probate court, filed interventions alleging that they

were the heirs at law of Jack F. Lyon, deceased, and also alleging that the will of Jack F. Lyon was void for the reasons that Jack F. Lyon was fraudulently and unduly influenced to execute such will by the beneficiary named therein; that prior to the execution of the will Jack F. Lyon had expressed the intent, on numerous occasions, that the petitioners should share equally with William A. Lyon in his estate; that during the summer of 1931, the decedent made a trip to Europe with William A. Lyon and subsequently spent many months in the company of William A. Lyon, and that during said time said William A. Lyon prevailed upon the decedent fraudulently to leave the entire settlement of his estate in the hands of said William A. Lyon, and William A. Lyon fraudulently deceived said decedent by assuring him that he would distribute his estate in the manner in which he wished; that the decedent intended that said William A. Lyon should divide his estate among his various nieces and nephews, and that by fraud and artifice the said William A. Lyon caused the decedent to believe that by executing his will so as to leave his entire estate to said William A. Lyon, his wishes could be carried out in the fullest extent. They state that at the time the will was executed Jack F. Lyon was in a failing mental condition, and that William A. Lyon, knowing this condition, contrived to secure for himself the total of his estate to the damage of petitioners.

There was also a petition filed in the circuit court to set aside the will, and in said petition they made practically the same allegations as above set forth.

They thereafter filed an amended petition and motion to transfer to equity, and asked that the estate be distributed among the heirs.

J. S. Trimue filed an intervention alleging that he was a nephew of Jack F. Lyon, and adopted the pleading of the other heirs.

A demurrer was filed by William A. Lyon, which the court sustained, and overruled the motion to transfer to equity. William A. Lyon then filed answer to the petition to set aside the will.

Mrs. Anna L. Allen also filed intervention.

On April 13, 1937, the jury returned a verdict finding for the will, and judgment was entered accordingly.

Contestants were granted 30 days in which to file motion for new trial, and on May 5, 1937, motion for new trial was filed. On June 14, 1937, motion for new trial was overruled, and the contestants prayed an appeal which was granted, and they were allowed 90 days in which to prepare and present their bill of exceptions.

On April 3, 1937, appellants filed their complaint in equity. The same facts were set up in the complaint in chancery court that were relied on in the trial in the circuit court, and the prayer in the chancery court was as follows:

"WHEREFORE, these plaintiffs pray that the court construe said will and decree that said estate was left to said William A. Lyon as trustee for the use and benefit of the heirs at law of the deceased, and that he and Brooks Bradley as administrator of said estate be required to account to these plaintiffs for their interests in said estate according to the law of descent and distribution, and that they be required to make an account of the assets of said estate; and that it be decreed that William A. Lyon and Brooks Bradley, administrator, are holding the assets and property of said estate under a trust *ex maleficio,* for costs herein and for all proper relief."

It will be observed that they ask in their prayer that William A. Lyon and Brooks Bradley, as administrator .of said estate, be required to account to these plaintiffs for their interests in said estate according to the law of descent and distribution. A stronger statement that this suit involved the same question as that involved in the circuit court, could not have been made. The suit in the circuit court, by these same parties, was to set aside the will, and if this had been done they would have received their shares under the law of descent and distribution. In other words, they would have received exactly what they pray for in this case.

Appellees filed a motion to dismiss, which motion was sustained by the court. In the decree it is said:

"And the court, being well and sufficiently advised, finds that the motion to dismiss should be sustained for the reason that the issues in this case and all of them were conclusively adjudicated in favor of the defendant William A. Lyon in cause No. 28108, Pulaski circuit court, second division, in the case of 'In the matter of the last will and testament of Jack F. Lyon, deceased,' and all of the parties hereto are bound by said adjudication."

Appellants correctly state that the question to be decided is: Were the causes of action alleged in the instant case, upon which a trust is asked, concluded by the circuit court judgment rendered on probate appeal?

Appellants very earnestly insist that the suit in the circuit court was to test the validity of Lyon's will, and that the suit in the instant case is for the purpose of having the court to declare a trust. This is true in form, but in substance the suits were precisely the same. If appellants had succeeded in the circuit court trial they would have received their share of Lyon's estate under the statutes of descent and distribution. That is what they ask in the instant case, that a trust be declared entitling them to their shares of the Lyon estate under the statutes of descent and distribution. The parties are the same, the facts alleged in the instant case are the same facts relied on to avoid the will in the circuit court, and the result in the circuit court, if appellants had succeeded, would have been exactly the same as that which they seek in this case. In other words, it is a re-trial of the same case on the same facts.

In the case of *Kieley* v. *McGlynn*, 21 Wall. 503, 22 L. Ed. 599, the court said: "The question recurs: do the facts stated in the present bill lay a sufficient ground for equitable interference with the probate of David C. Broderick's will, or for establishing a trust as against the purchasers of his estate in favor of the complainants? It needs no argument to show, as it is perfectly apparent, that every objection to the will or the probate thereof could have been raised, if it was not raised, in the probate court during the proceedings instituted for proving the will, or at any time within a year after probate was

granted; and that the relief sought by declaring the purchasers trustees for the benefit of the complainants would have been fully compassed by denying probate of the will. On the establishment or nonestablishment of the will depended the entire right of the parties; and that was a question entirely and exclusively within the jurisdiction of the probate court. In such a case a court of equity will not interfere, for it has no jurisdiction to do so. The probate court was fully competent to afford adequate relief."

It is perfectly apparent in the instant case that every issue involved in this case could have been raised, and was raised, in the circuit court. The probate court had original jurisdiction, and the circuit court had jurisdiction on appeal. Every question in the instant suit was settled in the trial in the circuit court.

Appellants had the right to intervene and try the case in the circuit court and allege facts which they believed made the will void, and if it were declared void, they would receive their shares of the estate; or they could have declined to intervene in the circuit court, and when the will was declared valid, brought suit to establish the trust. They had these two remedies, and the election to try it out in the circuit court binds them, and the judgment of the circuit court is a bar to the proceedings here.

The decree of the chancery court is affirmed.

GRIFFIN SMITH, C. J., and HUMPHREYS, J., dissent.

GRIFFIN SMITH, C. J., (dissenting). The plea of res judicata should not prevail. Jurisdiction of the probate court goes only to a determination of whether there was, or was not, a will.

Whether a trust ex maleficio arises is a question of equitable cognizance, not within probate jurisdiction. Therefore, it is not an issue previously submitted to a tribunal having power of disposal.

In the instant case it is merely a circumstance that the trust interests contended for are equal in value to the estate the heirs would have taken had their uncle died intestate . But suppose the trust had directed pay-

ment of one-half to A, one-fourth to B, and distribution of the remaining one-fourth to C and D in equal parts; admittedly such claims could not be tried in probate court. Conceivably, under such facts, beneficiaries receiving the larger shares might be interested in establishing the will, for its non-establishment would automatically put them on a parity with other heirs of the same class taking by inheritance. *Carter* v. *Younger*, 112 Ark. 483, 166 S. W. 547.

If the probate court was without jurisdiction, the circuit court acquired none on appeal. *Skeif's Heirs* v. *Bohall*, 99 Ark. 339, 138 S. W. 461; *Fowler* v. *Frazier*, 116 Ark. 350, 172 S. W. 875.

The circuit court, on appeal, can render only such judgment as the probate court might have rendered.

After appeal from the order admitting the will to probate had been perfected, allegations by the interveners were: "Said will was void and of no effect for the reason that the said Jack F. Lyon was fraudulently and unduly influenced to execute such will by the beneficiary therein named. Prior to the execution of said will the deceased, Jack F. Lyon, had expressed the intent on numerous occasions that the petitioners herein should share equally with the said William A. Lyon in his estate. During the summer of 1931 the said decedent made a trip to Europe with William A. Lyon and subsequent to that time spent many months in the company of William A. Lyon, and during said time the said William A. Lyon prevailed upon the decedent, fraudulently to leave the entire settlement of his estate in the hands of said William A. Lyon, and William A. Lyon had fraudulently deceived the said decedent by assuring him that he would distribute his estate in the manner in which he wished. That the decedent intended that said William A. Lyon should divide his estate among his various nieces and nephews, and by fraud and artifice the said William A. Lyon caused the decedent to believe that by executing his will so as to leave the entire estate to said William A. Lyon his wishes would be carried out in the fullest extent. Wherefore, interveners pray that the said al-

leged will of Jack F. Lyon be declared void and of no effect, and that this court order the estate of said Jack F. Lyon to be distributed according to the laws of Arkansas to his heirs at law.''

The first allegation of the intervention, and the prayer, are inconsistent with the express declaration that . . . ''the decedent intended that William A. Lyon should divide his estate among his various nieces and nephews.'' The only method by which this intent could have been effectuated was to convey the property to the party charged with the duty of distribution.

When the pleading is read in its entirety it will be seen that the fraud alleged is not that William A. Lyon prevailed upon his uncle to make the will, but that he failed to carry into effect the claimed attributes of trust. There was legal execution of the will, but the intent of William A. Lyon at the time influence was exercised, or his subsequent purpose to disregard the trust, is the scienter of the pleading.

It may be urged that there was an election of remedies. This would be true if the natural construction to be given the intervention revealed it as an allegation that the testator did not intend to execute the will; and further, if the probate court had possessed trust-creating jurisdiction. But neither conclusion is tenable, and we should regard the prayer for avoidance as one in effect asking that . . . ''the court order the estate distributed according to the laws of Arkansas to the heirs of Jack F. Lyon; subject, however, to the express allegation that the will *was* executed by said Jack F. Lyon for the purpose of placing his property in the hands of William A. Lyon in trust.''

Certainly the laws of this state, assuming the allegations could be sustained, would engraft a trust upon the will; and the distribution asked for thereunder is the same distribution the law requires.

In the view herein expressed, the intervention should have been regarded as an alternative plea, and the chancery court erred in holding that the former judgment

was *res judicata.* Mr. Justice HUMPHREYS concurs in this dissent.