Gaye Garrett GREENE *et al. v.* Mary Ellen PACK

00-541                                                    32 S.W.3d 482

Supreme Court of Arkansas
Opinion delivered December 7, 2000

*Brown, Schwander, Greene & Sloan, P.L.C.*, by: *Alice Ward Greene*, for appellants.

*Dodds, Kidd, Ryan & Moore*, by: *Greg Alagood*, for appellee.

RAY THORNTON, Justice. This is an appeal from the Pulaski County Chancery Court's order of dismissal of an action brought by Gaye Garrett Greene and her siblings, appellants, against their sister, seeking a constructive trust as a result of the conveyance of certain land by the parties' deceased mother to appellee, Mary Ellen Pack. The trial court found that the action in chancery court must be dismissed because the issues presented were precluded by the doctrine of *res judicata*, and appellants brought this appeal, urging that this court overrule the precedent established by *Holland v. Bradley*, 196 Ark. 464, 118 S.W.2d 262 (1938). From the

arguments presented in the briefs it appears that the chancellor correctly found that *Holland, supra,* controls the disposition of this case unless that case is distinguished or overruled. However, we are unable to reach that question, and affirm because appellant's abstract is flagrantly deficient. We note at the outset that the facts that follow are taken almost solely from the statements of facts presented in the arguments by appellants and appellee, but we cannot independently verify them from the record presented. We outline the circumstances as presented to us in the briefs.

The late Mary Ellen Garrett Stormes had four children: Appellee Mary Ellen Pack, appellant Gaye Garrett Stormes, appellant F. Michael Stormes, and appellant Shannon Stormes. During her lifetime, the decedent acquired a four-acre parcel of land on JFK Boulevard, in the Sylvan Hills addition of North Little Rock, which has an estimated value of $600,000.00. The decedent deeded this parcel of land to appellee, apparently as a result of concern that, should her health require that she move to a nursing home, she would lose her property in payment for her care. Appellants assert that shortly after the death of their mother, in 1991, appellee admitted to her siblings that their mother wished for all four of the children to share in the property, and that appellee promised to either convey it to all four jointly, or to sell it and divide the proceeds among them.

For almost five years, no action was taken, and appellee did not convey the property to her siblings. Greene opened an estate in Fifth Division Probate Court (Judge Ellen Brantley presiding) on September 4, 1996, nominating herself to serve as administratrix of her mother's estate. She was appointed administratrix by order of the probate court by an order entered that same day. Appellant Greene, in her capacity as administratrix and on behalf of the other appellants, then filed a petition in probate court to void the conveyance to appellee, alleging that the conveyance of the land from the decedent to appellee was procured by undue influence, or fraud and duress, and requested that the court declare and enforce a constructive trust on the real estate, void the deeds, or declare the conveyance of real estate to constitute an advancement to appellee. Appellee asserts in her brief that she filed a response in probate court wherein she argued that the administratrix was seeking equitable remedies over which the probate court lacked subject-matter jurisdiction, requesting that the matter be transferred to chancery court.

Appellee further asserts that appellants objected and the motion was denied, and the case proceeded to trial on July 30, 1998. Appellee renewed her motion to dismiss, which was denied.

In the proceedings in probate, it appears that Judge Brantley found that the real property that is the subject matter of the present chancery case on appeal was not an asset of the decedent's estate, and that the administratrix had failed to meet her burden of proof that the conveyance to appellee was procured by duress or undue influence; that the petition seeking a constructive trust involved a purely equitable matter not cognizable in probate court; and that the conveyance to appellee constituted an advancement against her share of any remaining assets of her late mother's estate and that appellee might not share in distribution of any other assets of the estate to the extent of the value of the advancement. She also noted that the probate court was without the authority to void or cancel a deed, as appellants sought.

No appeal was taken from the disposition of the matter in probate. However, two years later, appellants filed a lawsuit in Pulaski County Chancery Court, which was transferred to the Fifth Division, again before Chancellor Brantley, seeking: (a) the imposition of a constructive trust; (b) that appellee be divested of the property; (c) that a new trustee be named; (d) that the property be sold; and (e) that the proceeds be divided among the four siblings. Appellee answered the lawsuit and affirmatively asserted, in a motion to dismiss, that the facts alleged in the complaint were previously adjudicated in the probate case and that the present complaint was barred by the doctrines of election of remedies, *res judicata*, and estoppel. She also cited a 1938 case, *Holland v. Bradley*, 196 Ark. 464, 118 S.W.2d 262 (1938), upon which the trial court based its decision that appellants' complaint against appellee must be dismissed. In *Holland, supra*, a will was admitted to probate, and the heirs appealed, alleging fraud in the procurement of the will, and appeal was taken to the circuit court, where a jury affirmed the decision of the probate court.

Simultaneously, the heirs also filed a complaint a chancery, praying that the court construe the will. This court held that the second action was barred by the doctrine of *res judicata*, noting that: "A stronger statement that this suit involved the same question as that involved in the circuit court could not have been made." *Id.*

> [I]n substance, the suits were precisely the same . . . . The parties are the same, the facts alleged in the instant case are the same facts relied on to avoid the will in the circuit court, and the result in the circuit court, if appellants had succeeded, would have been exactly the same as that which they seek in this case.

*Id.*

Appellants brought this appeal, urging that the chancery court erroneously applied *Holland v. Bradley, supra,* to bar their cause of action by operation of *res judicata* and the doctrine of election of remedies, and that *Holland, supra,* should be overruled. We accepted certification and transfer of this case from the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(5), on the contention that the facts presented a question of legal significance requiring the consideration whether the precedent of the *Holland* case should be overruled.

However, upon review of appellants' brief, we have determined that we are unable to reach the questions presented because appellants failed to include relevant portions of the record from the probate case in the record on appeal. Specifically, appellants' abstract contains only the transcription of the bench ruling from the probate court, attached as an exhibit to a pretrial brief in the chancery court. We are not provided with the pleadings in the probate case, the order of the trial court, or any other record of evidence in support of certain arguments made by appellants in their appeal to this court.

██ Our rule in Ark. Sup. Ct. R. 4-2 (2000) outlines the requirements for abstracting on appeal, and the burden is clearly placed on the appealing party to provide both a record and abstract sufficient to demonstrate error for appellate review. *Oliver v. Washington County,* 328 Ark. 61, 940 S.W.2d 884 (1997). We have often written that the record on appeal is limited to that which is abstracted, and we will not examine the transcript of a trial to reverse a trial court, although we will do so to affirm. *Id.*

██ In the case at hand, in reviewing the abstract, it is apparent that all of the documents in the transcript that are necessary for an understanding of the questions presented in this appeal are not abstracted. Furthermore, in the case at hand, even if it were possible for each of us to examine the transcript provided, it did not contain

all the orders necessary for appellate review of this case. *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999). Any issue outside the record will not be considered on appeal. *Id.; Steward v. Winfrey*, 308 Ark. 282, 824 S.W.2d 373 (1992).

■ Here, the exceptions urged by appellants concern *res judicata*, which applies when there has been a final adjudication on the merits of an issue, without fraud or collusion, by a court of competent jurisdiction, on the matters litigated or which might have been litigated. *Wells v. Ark. Public Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981). The general rule applicable in election-of-remedies cases is that where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts of the case and his rights, makes a deliberate choice of one, then he is bound by his election and is estopped from again electing or resorting to the other remedy, although the judgment obtained in the first action fails to afford relief to the party making the election. *Sharpp v. Stodghill*, 191 Ark. 500, 87 S.W.2d 577 (1935). Among other elements, both doctrines require as necessary elements that both causes of action involved the same parties and the same set of facts. *See Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993); *Eastburn v. Galyen*, 229 Ark. 70, 313 S.W.2d 794 (1958). In such an appeal, the record from the previous case is an essential and necessary tool for our view. *See Wells, supra* (in case concerning preclusion by *res judicata*, record from first case in circuit court was part of the record in the appeal of the second, chancery court, action, and this court relied upon order and documents from circuit court record in making decision on appeal of chancery case).

■ Without the record of the pleadings and hearings in the probate court, or even the orders entered, we are unable to say whether the same parties were involved in both the probate and chancery actions, much less whether the same set of facts were at issue or the same remedies sought. Certain contentions made by the parties in their statements of fact to this court are not developed by the record. These include appellants' contention that appellee promised to convey the land to them after their mother's death. We do not have in the record the pleadings by appellants or appellee in the probate case. These essential pleadings are necessary to determine what remedies were requested or allegations made. For example, while it is argued that appellee sought to move the probate

matter to chancery court, we are not informed as to the nature of any objection thereto by appellants, or the trial court's ruling on the matter. Regrettably, the issues argued in the appeal of the case at bar simply cannot be answered based on the record before us, and therefore we must affirm. We note that although our Rule 4-2(b)(3) provides that, if this court considers affirmance for noncompliance with our abstracting rule to be unduly harsh, we may allow the appellant's attorney additional time in which to revise the brief to conform to the rule. *Id.* However, this case differs markedly from that of *Brinker v. Forrest City Sch. Dist. No. 7,* 342 Ark., S.W. 3d (November 9, 2000), where we were able to remand the case for appellant's counsel to supplement the abstract to include the missing insurance policy clause language because both parties quoted identical language and there was no challenge to the language of the clause. *Id.* Here, where the record itself is deficient, and the deficiencies go to the very essence of the issues raised on appeal, any effort to delay disposition pending the preparation of a new transcript would "cause unreasonable or unjust delay in the disposition of this appeal." Ark. Sup. Ct. R. 4-2(b)(3). Accordingly, we affirm this case for its flagrantly deficient abstract and record.

Affirmed.