Jason McGEHEE v. STATE of Arkansas

CR 00-760                                    43 S.W.3d 125

Supreme Court of Arkansas
Opinion delivered May 3, 2001
[Petition for rehearing denied June 7, 2001.]

*Sam T. Heuer*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Jason McGehee appeals the denial of his petition for postconviction relief under Ark. R. Crim. P. 37. A Baxter County jury convicted McGehee of the capital murder and kidnapping of fifteen-year-old John Melbourne, Jr. McGehee was sentenced to death by lethal injection on the capital murder charge and life imprisonment on the kidnapping charge. The convictions and sentences were affirmed by this court in *McGehee v. State*, 338 Ark. 152, 992 S.W.2d 110 (1999). McGehee subsequently filed a petition for postconviction relief under Ark. R.

Crim. P. 37. The trial court denied the petition, and this appeal followed.

McGehee asserts five separate errors by counsel that he alleges constitute ineffective assistance of counsel requiring relief under Rule 37. Our jurisdiction is pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure and Arkansas Supreme Court Rule 1-2(a)(8). McGehee's conviction and sentence of death were affirmed by a decision of this court on June 17, 1999. Therefore, pursuant to Ark. R. Crim. P. 37.5(k), Rule 37.5 is applicable to McGehee because he became eligible to file a petition under Rule 37.2(c) after March 31, 1997.

Upon review of the trial court's order on the Rule 37 petition, we find the trial court failed to make specific written findings of fact and conclusions of law as required under Rule 37.5. Accordingly, we reverse and remand with direction that the trial court proceed consistent with this court's opinion in *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001). This order is to be completed and the record is to be lodged with this court within ninety days of the date the mandate is issued. The clerk is directed to establish a new briefing schedule.

Additionally, the abstract provided in this case is flagrantly deficient. It fails to comply with Ark. Sup. Ct. R. 4-2(a)(6) in that it does not contain an impartial condensation of material parts of the record necessary to an understanding of all questions presented to the court for decision. We find that affirmance based upon a flagrantly deficient abstract would be unduly harsh in this case, and therefore permit appellant's attorney to revise and provide a brief in compliance with Ark. Sup. Ct. R. 4-2(a)(6). *See* Ark. Sup. Ct. R. 4-2(b)(3). Appellant's attorney is to bear the expense.

*Rule 37.5*

■ ■ As this court discussed in *Echols, supra*, Rule 37.5 requires a heightened standard of review in death cases. *Echols*, 344 Ark. at 519 (citing *Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001)). Death-penalty cases are different from other criminal cases, due to the obvious finality of the punishment. *See, e.g., Gregg v. Georgia*, 428 U.S. 153 (1976); *American Civil Liberties Union v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999); *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), *modified on other grounds, State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). As this court noted in *Echols* and

*Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999), Rule 37.5 reinforces the responsibility of the trial court to make specific findings of fact and conclusions of law on each issue raised in the petition. Because McGehee has been sentenced to death, we remand this case to the trial court for entry of a written order in compliance with Rule 37.5(i) and this court's holding in *Echols* and *Wooten*. Only issues raised by McGehee on appeal of the denial of the Rule 37 petition need be addressed by the trial court. No new issues may be raised by McGehee. To avoid lengthy delay, the order is to be completed and the record is to be filed with this court within ninety days of the date the mandate is issued.

## Deficient Abstract

Our rule in Ark. Sup. Ct. R. 4-2 outlines the requirements for abstracting on appeal, and the burden is clearly placed on the appealing party to provide both a record and abstract sufficient to demonstrate error for appellate review. *Greene v. Pack*, 343 Ark. 97, 32 S.W.3d 482 (2000); *Oliver v. Washington County*, 328 Ark. 61, 940 S.W.2d 884 (1997). We have often written that the record on appeal is limited to that which is abstracted, and we will not examine the transcript of a trial to reverse a trial court, although we will do so to affirm. *Id.*

In the case before us, it is readily apparent from a review of the abstract that all of the documents and records in the transcript that are necessary for an understanding of the questions presented in this appeal are not abstracted. One of McGehee's primary arguments on his Rule 37 appeal is that Candace Campbell and Robert Diemert were accomplices and that the failure of counsel to seek such a finding entitles him to relief. However, it is apparent that the testimony of several witnesses relevant to this issue, as well as the issue of corroboration of their testimony in the event they were found to be accomplices, was not abstracted at all, including that of Charles McMahan, Dr. Charles Kokes, Anthony Page, and, to an extent, testimony of police officers. Additionally in this regard, the testimony of Charla Bright was only partially abstracted and did not include portions relevant to the issue of corroboration. Other testimony and evidence may also be relevant. The appellant bears the burden of providing a sufficient abstract. While abstracting of evidence relevant to corroboration may not be perceived by McGehee to be in his best interest, Ark. Sup. Ct. R. 4-2(a)(6) requires an impartial condensation of records in the abstract. Also, failure to so comply exposes McGehee to affirmance based upon a flagrantly

deficient abstract. Ark. Sup. Ct. R. 4-2(b)(3). *See also, Moncrief v. State*, 325 Ark. 173, 925 S.W.2d 776 (1996). Affirmance based upon a flagrantly deficient abstract would be too harsh in this case. Therefore, as authorized by this same rule, McGehee is granted permission to revise his abstract and brief at his own expense.

Reversed and remanded.

GLAZE, J. dissents for reasons set out in the dissenting opinion in *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001).