Timothy W. KEMP *v.* STATE of Arkansas

CR 00-482                                        60 S.W.3d 404

Supreme Court of Arkansas
Opinion delivered November 29, 2001

*Sam T. Heuer,* for appellant.

Appeal from *Mark Pryor,* Att'y Gen., by: *Michael C. Angel,* Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. This appeal arises from a trial court's denial of the Rule 37 petition. Appellant, Timothy Kemp, was arrested and charged with four counts of capital murder. He was convicted and sentenced to death by lethal injection on each count. In *Kemp v. State,* 324 Ark. 178, 919 S.W.2d 943, cert. denied 519 U.S. 982 (1996) ("*Kemp I*"), we affirmed the conviction and sentence pertaining to one victim, and affirmed the convictions only as to the remaining three counts. We reversed the death sentences as to the three remaining counts and remanded for resentencing, as there was insufficient evidence to support the trial court's instruction to the jury with respect to the statutory aggravating circumstance that the murders were committed for the purpose of avoiding arrest. *Id.*[1] Following resentencing, the trial court

---

[1] In its brief, the State argues that appellant's claims pertaining to the death sentence for one victim, Richard Falls, should be procedurally barred because the Rule 37 petition was untimely. However, the State overlooks our decision of *Kemp v. State,* 326 Ark. 910, 934

again imposed the death sentence as to each of the three counts. In *Kemp v. State*, 335 Ark. 139, 983 S.W.2d 383 (1998), cert. denied 526 U.S. 1073 (1999) ("*Kemp II*"), we affirmed these convictions. Appellant filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37, alleging that his counsel, Jeff Rosenzweig, had provided ineffective assistance of counsel. After a hearing on the matter, the trial court denied appellant's Rule 37 petition in its entirety.

From that order, appellant brings his appeal and raises four allegations of error. On appeal, appellant asserts that Mr. Rosenzweig was ineffective for four reasons: (1) failing to investigate the ownership of a gun found at the crime scene; (2) failing to correctly cite a statute when proffering an instruction to the trial court; (3) failing to seek a severance of offenses, and (4) various other grounds. We reverse and remand to the trial court for an entry of a written order in compliance with Rule 37.5(i) and our case law.

## I. Standard of review

■ On appeal from a trial court's ruling on Rule 37 relief, we will not reverse the trial court's decision granting or denying post-conviction relief unless it is clearly erroneous. *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

---

S.W.2d 526 (1996) (*per curiam*) ("*Kemp III*"), where we concluded:

> We recall the portion of the mandate affirming the conviction and death sentence and stay it until such time as a final disposition of the remaining counts is complete. As such, any petition under Ark. R. Crim. P. 37.2(c) must be filed within sixty days of a mandate following an appeal taken after re-sentencing on the remaining counts. If no appeal is taken after re-sentencing on these counts, the petition must be filed with the appropriate circuit court within ninety days of the entry of judgment.

*Id.*

Here, appellant timely filed his Rule 37 petition. The mandate of our court was returned to the trial court on April 29, 1999, and on May 18, 1999, appellant appeared before the trial court, at which time the trial court appointed Mr. Heuer, counsel for appellant, who met the qualifications set forth in Rule 37.5(b)(2). On August 11, 1999, appellant filed his Rule 37 petition. Therefore, appellant's Rule 37 petition was not untimely with regard to the Falls's sentence.

■ The criteria for assessing the effectiveness of counsel were enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), which provides that when a convicted defendant complains of ineffective assistance of counsel he must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different. *Id.* We have adopted the rationale of *Strickland* and held that:

> To prevail on any claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Secondly, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial.

*Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997). With this standard of review in mind, we review the issues of ineffectiveness raised by appellant.

## II. Ineffective-assistance claims

For his first allegation of error, appellant argues that Mr. Rosenzweig was ineffective for failing to investigate the ownership of a weapon found at the crime scene. Specifically, he argues that a further investigation into this matter would have had bearing on his "imperfect self-defense" claim.

This point is not raised in appellant's Rule 37 petition, but the petition was orally amended at the Rule 37 hearing, where the following colloquy occurred:

> MR. HEUER: I have a motion to add an additional [issue]. After consultation with my client, he wishes for me to pursue an ineffective assistance claim for failure to investigate and pursue leads. I've advised the prosecutor of it. I don't know where it's going. But I could make the motion at the conclusion and ask that the pleadings conform to the proof or I could orally amend at this point.
>
> THE COURT: Are you prepared to argue that today?

Mr. Heuer: Yes.

At the hearing, Mr. Rosenzweig testified that the "imperfect self-defense" was the heart of appellant's defense in the mitigation phase of the trial. After hearing the testimony and arguments by counsel, the trial court orally ordered:

> I do not find that the representation by Mr. Rosenzweig was ineffective. . . . I also believe that the failure to investigate as to who specifically owned the weapon, the thirty-two, was not evidence of ineffective assistance of the counsel that would meet the definition of that pursuant to *Strickland versus Washington* since that issue of that weapon was in fact raised at trial and the jury had the opportunity to consider that as part of a self-defense defense.

■ However, in the trial court's written order, under the "Findings of Fact" section, the trial court merely states:

> 8. (A) That trial counsel for defendant was not ineffective as defined by *Strickland v. Washington*, 466 U.S. 668 (1984), in any aspect of the trial in this matter, including . . . the investigation of the additional gun found at the crime scene . . . [.]

Rule 37.5(i) provides in part that when a hearing is held on the petition, "the circuit court shall, within sixty (60) days of the conclusion of the hearing, *make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition." Id.* (emphasis added). This provision was adopted from the "Arkansas Effective Death Penalty Act of 1997." *See* Ark. Code Ann. § 16-91-202(h)(1) (Supp. 1999) (requiring that "the judge shall make specific written findings of fact and shall expressly state the judge's conclusions of law relating to each issue raised in the petition for post-conviction relief").

In *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001), we rejected the State's argument, based upon *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000) and *Matthews v. State*, 333 Ark. 701, 970 S.W.2d 289 (1998) (*per curiam*), that where the trial court makes specific written findings on some, but not all, of the issues raised in the petition, it is up to the defendant to obtain rulings on any omitted issues. We concluded that those cases were distinguishable because appellants had not been sentenced to death. *Id.*

■ In *Echols*, we remanded the case to the trial court for entry of a written order in compliance with Rule 37.5(i) and our holding in *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (holding that the trial court's order was insufficient under Rule 37.3(a)). *Echols*, *supra*. Rule 37.5 reinforces the responsibility of the trial court to make specific written findings of fact and conclusions of law on each issue raised in the petition. *McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001).

■ Here, we note that the trial court allowed appellant to orally amend his Rule 37 petition to include the issue of the ownership of the gun, and ruled on the issue from the bench. In its written order, the trial court made a *general* finding of fact, but did not make a "specific finding of fact with respect to [the] factual issue[,]" nor did it make any "specific written conclusion[] of law" with respect to the legal issue. Ark. R. Crim. P. 37.5(i). This deficiency requires that we remand for the trial court to address this point as required by our rule.

For his second allegation of error, appellant argues that Mr. Rosenzweig was ineffective for failing to correctly cite Ark. Code Ann. § 5-2-614 (Repl. 1997), the statute regarding the "imperfect self-defense," in the proffered jury instruction. Specifically, he argues that omitting the phrase, "is necessary for any of the purposes justifying that the use of force under this subchapter," from the statute is grounds for an ineffective assistance of counsel claim.

At the conclusion of the guilt phase at trial, Mr. Rosenzweig offered two jury instructions based upon Ark. Code Ann. § 5-2-614, which established appellant's defense of "imperfect self-defense." The first instruction, set forth in his Rule 37 petition and now on appeal, reads as follows:

> When a person believes that the use of force is necessary in defense of himself but that person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the defense of justification — use of deadly physical force in self-defense — is unavailable as a defense to any offense for which recklessness or negligence suffices to establish culpability.

Source: Ark. Code Ann. § 5-2-614.

While citing the statute in this proffered instruction, Mr. Rosenzweig omitted the aforementioned phrase from the statutory

language, and the trial court refused both proffered jury instructions. On direct appeal in *Kemp I, supra,* we held that the trial court did not err in refusing to allow the proffered jury instructions *Id.* We noted that neither proffered jury instruction was an AMCI instruction, and because appellant's proffered instruction did not correctly state the law, the trial court did not err in refusing to give it. *Id.* (citing *Pickett v. State,* 321 Ark. 224, 902 S.W.2d 208 (1995)).

█ In the trial court's order under review in this proceeding, the trial court states in paragraph 8(b) of the "Findings of Fact" section that "there was not a rational basis for the giving of the two jury instructions as set forth above, which were proffered by trial counsel on behalf of the defendant[.]" However, there are no specific conclusions of law presented on this point, other than paragraph 9, which states, "[t]hat the constitutional rights of the defendant were not violated through the course of the trials of this matter[.]" It appears that this point was addressed in the trial court's fact section, but the order contains no specific conclusions of law. This deficiency requires that we reverse and remand to the trial court for compliance with Rule 37.5(i).

For his third allegation of error, appellant argues that Mr. Rosenzweig was ineffective for failing to request a severance. Specifically, he argues that a failure in severing the trial prevented the jury from considering each sentence separately to insure that there was no spilling-over from the victim-impact testimony.

Appellant alleges in his Rule 37 petition that "trial counsel was ineffective by failing to request the separate counts of capital murder to be severed." In its order, the trial court made the following ruling:

> 8. (A) That trial counsel for the defendant was not ineffective as defined by *Strickland v. Washington,* 466 U.S. 668 (1984), in any aspect of the trial in this matter . . . for failing to move for a severance of the counts, or any other matters that were raised by the defendant in this petition[.]

█ Here, the trial court made a *general* finding of fact with no explanation, but did *not* include a separate, specific, written conclusion of law on the issue. To address this deficiency, we reverse and remand to the trial court for entry of a written order in compliance with Rule 37.5(i).

For his fourth allegation of error, appellant reargues four points that were raised in *Kemp I, supra,* and *Kemp II, supra.* These points include (1) whether the victim-impact statute is constitutional; (2) whether the cumulative effective of victim-impact testimony violated appellant's due process rights; (3) whether appellant's due process rights were violated when we affirmed the trial court's refusal to submit two proffered jury instructions in *Kemp I, supra;* and (4) whether appellant's constitutional rights were violated when we affirmed in *Kemp I, supra,* that venue in Pulaski County Circuit Court was proper.

In its order, the trial court states:

> 8. (D) That the issues pertaining to the jurisdiction of the court, the victim-impact evidence, and the refusal of this Court to give the instructions requested by defendant have been determined by the Arkansas Supreme Court in their reviews of the convictions in these cases, which have all been affirmed by the Arkansas Supreme Court[.]

■ However, there are no conclusions of law pertaining to these issues, other than paragraph 9, which states, "[T]he constitutional rights of the defendant were not violated . . . [,]" and paragraph 10, which states, "[T]his Court did not lack jurisdiction, and in fact was a court of proper jurisdiction over the person of the defendant and the subject matter presented[.]" The trial court did not make a specific written conclusion of law that these issues are not cognizable under Rule 37. We hold that the conclusions of law as written are not specific enough as required by our rule.

■ We hold that the trial court's order does not comply with our Rule 37.5(i) because the trial court failed to make *specific written* findings of fact *and* conclusions of law. In his order before us, the trial court's findings of fact are quite general, and the *two* conclusions of law are not sufficient under our rule. We reverse and remand to the trial court for a written order on all points in compliance with Rule 37.5(i) and our case law, including *McGehee, supra,* and *Echols, supra.*

Under the precedent established in *Echols, supra,* we limit the trial court's duties on remand to making factual findings and legal conclusions only as to the issues raised by appellant on appeal, as all other claims raised below but not argued are considered abandoned. *Id.* We should also note that no new issues may be raised by appellant. To avoid lengthy delay, the order is to be completed and

the record is to be filed with this court within sixty days of the date that the mandate in this proceeding is issued.

Reversed and remanded.

BROWN and IMBER, JJ., concur in part; dissent in part.

TOM GLAZE, Justice, dissenting. I dissent for the reasons set out in the dissenting opinion in *Echols v. State*, 344 Ark. 513, 520-523, 42 S.W.3d 467, 471-473 (2001). *See also McGehee v. State*, 344 Ark. 602, 606, 43 S.W.3d 125, 128 (2001) (GLAZE, J., dissenting).

ROBERT L. BROWN, Justice. I concur with the majority opinion in every respect save one. The appellant raised four issues in his Rule 37.5 petition: (1) the victim-impact statute is unconstitutional; (2) the cumulative. effect of the victim-impact statements violated the appellant's due process rights; (3) the appellant's due process rights were violated when the trial court refused two proffered instructions; and (4) appellant's constitutional rights were violated by our affirmance of his death sentence.

All of these issues were resolved by this court in the direct appeal of the appellant's judgment of conviction. The trial court said as much in its order:

> 8. (D) That the issues pertaining to the jurisdiction of the court, the victim-impact evidence, and the refusal of this Court to give the instructions requested by defendant have been determined by the Arkansas Supreme Court in their reviews of the convictions in these cases, which have all been affirmed by the Arkansas Supreme Court[.]

I disagree with the majority's holding that the trial court's conclusion on this point was not sufficiently specific. The trial court said in effect that these issues are not cognizable in a Rule 37 proceeding because they were decided on direct appeal. Accordingly, I would not remand these issues for additional conclusions.

IMBER, J., joins.