James C. FUDGE *v.* STATE of Arkansas

CR 02-826 120 S.W.3d 600

Supreme Court of Arkansas
Opinion delivered September 25, 2003

*Craig Lambert*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant James C. Fudge was convicted in the Pulaski County Circuit Court of the capital murder of his wife Kimberly Fudge, for which he was sentenced to death by lethal injection. This court affirmed his conviction and sentence in *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). Thereafter, the United States Supreme Court denied Fudge's

petition for a writ of certiorari. *See Fudge v. Arkansas*, 531 U.S. 1020 (2000). Following the Supreme Court's ruling, Fudge filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition, and this appeal followed. Our jurisdiction is pursuant to Rule 37 and Ark. Sup. Ct. R. 1-2(a)(8). For reversal, Fudge raises six points of error, the first of which is that the trial court's order does not comply with the requirements of Ark. R. Crim. P. 37.5(i). We agree that the order is incomplete, and we reverse and remand.

 Rule 37.5 sets out the postconviction procedures for death-penalty cases. Subsection (i) provides in part that the circuit court shall "make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition." In *Echols v. State*, 344 Ark. 513, 519, 42 S.W.3d 467, 470 (2001), this court held that this provision imposes a "more exacting duty" on the trial court than that found in Ark. R. Crim. P. 37.3, which provides postconviction procedures for non-death-penalty cases. Under Rule 37.5(i), it is the petitioner who determines the issues that must be addressed by the trial court in a written order, while Rule 37.3(c) provides that the trial court is to determine the issues and then make specific written findings of fact and conclusions of law with respect to those issues. *Id.*

 The State concedes that the order entered by the trial court in this case falls short of the exacting requirements of Rule 37.5(i). The State contends, however, that on remand, the trial court need only make specific findings of fact and conclusions of law with respect to those claims raised below and currently being pursued on appeal. We agree that this is a correct statement of law. This court concluded in *Echols*, 344 Ark. 513, 42 S.W.3d 467, that the trial court's duties on remand are limited to making factual findings and legal conclusions only as to the issues raised on appeal, because all other claims raised below but not argued on appeal are considered abandoned. *See also Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001); *McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001). Nonetheless, we disagree with the State's assertion that only one issue need be addressed on remand in this case.

From our review of the trial court's order, we conclude that there are three issues that the trial court's order does not sufficiently address. The first is Fudge's allegation that trial counsel,

Tammy Harris, was ineffective during the penalty phase for failing to object to the introduction of Fudge's purported prior conviction for first-degree battery. During the hearing below, Fudge argued that the documents presented by the State as State's Exhibit 56 fell short of demonstrating that he was actually convicted of the offense of first-degree battery. Ms. Harris admitted at the Rule 37 hearing that she had not objected to the State's proffer of the first-degree-battery conviction. She stated that she had reviewed the documents beforehand, and that it had not crossed her mind that they might not be sufficient.

■ The trial court's order does not contain any findings of fact or conclusions of law regarding the allegation that trial counsel provided ineffective assistance of counsel for failing to object to the first-degree-battery conviction. However, the order does contain a finding that "[t]he State concedes that the first-degree battery charge was reduced to robbery[.]" The only other factual finding concerning Exhibit 56 is that it was not published to the jurors. Neither of these findings addresses the allegation that trial counsel was ineffective for failing to object to the sufficiency of the exhibit as proof of a prior violent felony conviction. Moreover, the trial court's order contains no conclusion of law on this issue. Accordingly, we remand this issue to the trial court to make specific findings of fact and conclusions of law regarding this claim.

■ The second area of deficiency in the trial court's order pertains to Fudge's allegation that trial counsel failed to investigate and present evidence in mitigation during the penalty phase of his trial. During the hearing below, Fudge argued that there were six mitigating factors that should have been presented by trial counsel: (1) Fudge's history of alcoholism; (2) the history of alcoholism in Fudge's family; (3) Fudge's abuse as a child at the hands of his mother; (4) Fudge's propensity for violence, particularly toward women, which either resulted from a genetic condition or is behavior that was learned from his male role models; (5) Fudge's positive qualities, namely that he is a talented artist, poet, sculptor, and auto-body repairman and a loving father to his children; and (6) that Fudge had tried to better himself over the years leading up to the murder. The trial court's order only contains the ruling that trial counsel's decision not to present evidence of Fudge's alcoholism was a matter of trial strategy. The order does not address the failure to present evidence of the remaining five mitigating factors

offered by Fudge. The State concedes that the trial court did not make any findings of fact or conclusions of law on these five mitigating factors. We thus remand on this claim.

█ Additionally, the trial court's order does not contain any findings of fact or conclusions of law regarding the allegation that trial counsel failed to conduct an appropriate investigation for mitigating evidence. This point was raised below and is being pursued on appeal. Therefore, the trial court must address this issue on remand.

The third area of deficiency in the trial court's order involves Fudge's allegation that his counsel on direct appeal had a conflict of interest. During the hearing below, Fudge argued that his two trial counsel and appellate counsel had conflicts of interest in representing him. All three counsel were from the Pulaski County Public Defender's Office. Fudge alleged that his trial counsel had a conflict because another attorney from the public defender's office had previously represented one of the State's witnesses, Jerome Jones.[1] On this allegation, the trial court found that the representation of Jones did not create a conflict because it was too remote in time and was unrelated to the case against Fudge. The trial court also found that the issue of conflict was not raised at trial. There is no similar ruling on the conflict claim against appellate counsel.

█ The State argues that we should infer from this ruling that the trial court must have concluded that there was no conflict with regard to appellate counsel, as all three counsel were from the same office. We are not persuaded by this argument for two reasons. In the first place, Rule 37.5(i) does not permit such an inference. To the contrary, the rule requires the trial court to make *specific* written findings of fact and *specific* written conclusions of law. The purpose of the exacting requirements of Rule 37.5 is to provide a comprehensive state-court review of a defendant's claims and, therefore, eliminate the need for multiple postconviction actions in federal court. *Echols*, 344 Ark. 513, 42 S.W.3d 467. Were we to infer the trial court's ruling on one issue as being sufficient to dispose of another issue, we would be defeating the plain purpose of Rule 37.5(i).

---

[1] Fudge also raised a claim concerning the representation of Joseph Norris, but he conceded during the hearing below that there was no conflict with regard to Norris.

In the second place, it is not entirely clear from the pleadings or the transcript of the hearing that the conflict of interest alleged against appellate counsel is the same as that alleged against trial counsel. Moreover, Fudge alleged below that the issue of appellate counsel's conflict was raised in a timely manner to both the trial court and this court and that, as such, he was entitled to an immediate hearing on the issue under the Supreme Court's holdings in *Holloway v. Arkansas*, 435 U.S. 475 (1978), *Wood v. Georgia*, 450 U.S. 261 (1981), and *Mickens v. Taylor*, 535 U.S. 162 (2002). The trial court declined the invitation to rule on this issue, concluding that such a ruling could only come from this court. To better understand this issue, it is necessary to address Fudge's second point on appeal, that the trial court erred in refusing to admit certain documents as evidence of this claim.

The record reflects that during the Rule 37 hearing, while Fudge was testifying, defense counsel, Mr. Lambert, asked Fudge whether he had complained about his appellate counsel. Fudge indicated that he had complained about appellate counsel to both the trial court and this court. Mr. Lambert then attempted to introduce proof of Fudge's testimony, in the form of multiple letters to the trial court, a letter to appellate counsel, and a supplemental *pro se* brief sent to this court.[2] The State objected to the documents on the ground that they were not relevant, because they were written while his appeal was pending, and jurisdiction over his appellate counsel's conduct belonged to this court. The deputy prosecuting attorney, Mr. McCormick, explained: "I think once the appeal's lodged or at that time there's an issue about conflict, with all due respect to this Court, it would be up to [the] Supreme Court to relieve counsel if there's an issue of conflict."

The trial court then asked Mr. Lambert to explain how the documents were relevant to his postconviction claims. Mr. Lambert stated that they were relevant to show that Fudge had notified the trial court, this court, and "everybody that he could" that appellate counsel had a conflict of interest. He explained further that they were relevant to his claims that appellate counsel was ineffective and that appellate counsel had a conflict of interest. The

---

[2] This court denied Fudge's motion to file this *pro se* supplemental brief on the grounds that he was represented by counsel qualified to represent defendants in capital cases and that he had not demonstrated any good cause to permit him to serve as co-counsel or to file a supplemental *pro se* brief. *See Fudge v. State*, 341 Ark. 652, 19 S.W.3d 22 (2000) (*per curiam*).

trial court then asked: "Are you saying that my duty here today is to evaluate the service of his appellate counsel?" Mr. Lambert responded:

> We're saying that under the *Wood v. Georgia* test and under *Holloway v. Arkansas,* once the defendant puts the Court on notice that he believes his attorney has a conflict of interest, the Court has a duty to make a searching inquiry into that question. And the fact that he did put this Court and the appellate court on notice that he was raising that issue that kicks in the *Woods v. Georgia* and the *Holloway v. Arkansas* test. And these letters are relevant to that.

Mr. McCormick countered that these documents would only be relevant before the appellate court. The trial court agreed and sustained the State's objection, stating that this matter was the business of the appellate court.

Initially, we note that the trial court understood that it had a duty to evaluate the services of appellate counsel, to an extent, as the order contains a ruling on the issue of appellate counsel's ineffectiveness for failing to pursue a suppression issue on appeal. Thus, it is clear that the trial court only declined to rule on whether this court was timely notified of the conflict claim and whether this court should have made an inquiry under the prevailing case law. We appreciate the trial court's hesitancy to rule on an issue that it believed was solely within the jurisdiction of this court. Furthermore, this issue appears to be one of first impression in our courts. Nonetheless, we must agree with Fudge that it was error not to make findings and conclusions on this issue, as it was raised in his postconviction petition.

Under Rule 37.5(i), the trial court is charged with the duty of making "specific written findings of fact *with respect to each factual issue raised by the petition* and specific written conclusions of law *with respect to each legal issue raised by the petition.*" (Emphasis added.) Thus, as stated above, it is the petitioner, not the trial court, who determines the issues that must be addressed in a written order. It is not disputed that Fudge raised the claim of appellate counsel's conflict of interest in his petition. He further made the allegation that either this court or the trial court was required to make an inquiry on this claim. Accordingly, Rule 37.5(i) mandates the trial court to make specific written findings and conclusions on these issues. We thus reverse the trial court's

refusal to admit the documents offered by Fudge, and remand this matter for the trial court to consider the evidence in light of our ruling today.

In sum, the trial court's order does not comply with the more exacting requirements set out in Rule 37.5. Of the issues pursued by Fudge on appeal, the trial court's order does not contain specific written findings of fact and conclusions of law on three of those issues. We thus remand this matter to the trial court to make such specific findings and conclusions. To avoid any lengthy delay in this matter, we direct the trial court to complete the order within sixty days from the date the mandate is issued. We will then consider the issues raised on appeal.

Reversed and remanded.

GLAZE, J., dissents.

THORNTON, J., not participating.

TOM GLAZE, Justice, dissenting. I dissent for the reasons set out in the dissenting opinion in *Echols v. State*, 344 Ark. 513, 520-23, 42 S.W.3d 467, 471-73 (2001). *See also McGehee v. State*, 344 Ark. 602, 606, 43 S.W.3d 125, 128 (2001) (GLAZE, J., dissenting); *Kemp v. State*, 347 Ark. 52, 61, 60 S.W.3d 404, 410 (2001) (GLAZE, J., dissenting).