
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-1092

| | | |
|---|---|---|
| DORIAN LACY | | **Opinion Delivered** October 4, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-15-96] |
| V. | | |
| | | HONORABLE ROBERT McCALLUM, JUDGE |
| STATE OF ARKANSAS | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; |
| | APPELLEE | REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Dorian Lacy appeals the order of the Clark County Circuit Court denying his motion for new trial. Because of deficiencies in Lacy's record and brief, however, we are unable to address the merits of his argument at this time, and we must remand to settle and supplement the record and for supplementation of the abstract and addendum.

We briefly set forth the facts leading to this appeal. Lacy entered a plea of guilty to one count of rape, but he opted to be sentenced by a jury. Following a sentencing trial, the jury sentenced Lacy to forty years in the Arkansas Department of Correction. Several weeks after the sentencing, the prosecuting attorney disclosed to Lacy's counsel that a juror had reported that he was personally familiar with the rape victim. Lacy promptly filed a motion for a new trial, asserting that although it was believed the juror was not aware of his familiarity with the

victim at the time of voir dire, the juror nonetheless failed to notify counsel or the court before the jury reached a verdict.

The circuit court held a hearing on Lacy's new-trial motion at which the juror testified about the circumstances surrounding his knowledge of the victim. On the basis of the juror's testimony, the court found that a new sentencing trial was not warranted, and it subsequently entered an order denying Lacy's motion. On appeal, Lacy contends this denial was in error.

As noted above, however, we cannot reach the merits of this argument because of deficiencies in the record, abstract, and addendum. At the conclusion of Lacy's sentencing trial, the circuit court read from a verdict form that was handed by the jury foreman to the bailiff. That verdict form, however, is not in the record of the proceedings. If anything material to either party is omitted from the record by error or accident, this court can sua sponte direct that the omission be corrected and that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. (6)(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *see also Phillips v. State*, 2015 Ark. App. 138, at 1–2; *Whitson v. State*, 2013 Ark. App. 730. Accordingly, we remand this case to the circuit court to settle and supplement the record with the verdict form. Lacy has thirty days from the date of this opinion to file a supplemental record with this court.

Additionally, Arkansas Supreme Court Rule 4–2(a)(8)(A)(1) (2016) provides that jury-verdict forms are to be included in the addendum when there is a jury trial. *See also Owens v. State*, 2011 Ark. App. 372, at 2. Once the record is settled and supplemented, Lacy shall file a supplemental addendum that contains the verdict form.

Finally, we note deficiencies in Lacy's abstract. Lacy's abstract presently consists of (1) voir dire from his sentencing trial, (2) the jury instructions given at his sentencing trial, (3) opening statements of counsel at the sentencing trial, (4) the sentencing verdict as read by the circuit court, and (5) the hearing on Lacy's new-trial motion. The testimony presented at Lacy's sentencing trial is not abstracted, however. Lacy's argument on appeal is that juror misconduct caused his substantial rights to be prejudiced. Without knowing the substance of the testimony presented at the sentencing hearing, we are unable to gauge what, if any, prejudice Lacy suffered. We therefore order Lacy to provide us with an abstract of the testimony from the sentencing hearing. *See* Ark. Sup. Ct. R. 4–2(a)(5)(A) (requiring all material information in a transcript to be abstracted).

Following settling and supplementation of the record, Lacy shall have fifteen days within which to file a substituted abstract and addendum. Ark. Sup. Ct. R. 4–2(b)(3). Upon the filing of such a substituted brief, the appellee will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk. *Id.* The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage Lacy's counsel to review our rules to ensure that no other deficiencies are present. *See Brisher v. State*, 2016 Ark. App. 108, at 2–3.

Remanded to settle and supplement the record; rebriefing ordered.

GRUBER, C.J., and BROWN, J., agree.

*Worlow Law, LLC*, by: *Jacob Worlow*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

SLIP OPINION