SLIP OPINION

Cite as 2017 Ark. App. 646

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-17-46

| | |
|---|---|
| DANIEL LYNN HONEY<br>APPELLANT | **Opinion Delivered** November 29, 2017<br><br>APPEAL FROM THE LOGAN<br>COUNTY CIRCUIT COURT,<br>NORTHERN DISTRICT<br>[NO. 42PCR-15-80] |
| V. | HONORABLE JERRY D. RAMEY,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REMANDED TO SETTLE AND<br>SUPPLEMENT THE RECORD;<br>REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Daniel Honey was convicted of one count of rape and one count of second-degree sexual assault by a Logan County jury. On appeal, Honey argues that the Logan County Circuit Court erred in denying his motion for mistrial, which he made in response to allegedly improper cross-examination by the State. Due to deficiencies in his record, addendum, and abstract, however, we are unable to reach the merits of his argument at this time.

Honey was charged with two counts of rape based on allegations that he inserted his finger into the vagina and anus of a seven-year-old child. Before trial, Honey filed a motion for discovery, to which the State responded. Honey later filed a separate request for discovery

SLIP OPINION

pursuant to Ark. R. Crim. P. 17.1, specifically asking the State to disclose "all evidence the Prosecution anticipates will be used against Defendant pertaining to character and to that of other crimes, wrongful conduct, or acts, including, but not limited to, evidence allowed under Rule 404(b) of the Arkansas Rules of Evidence." The State did not file a response to this motion.

At trial, Honey testified in his own defense. During the State's cross-examination, the prosecutor asked Honey about allegations that he had touched the leg of another little girl in a parking lot. Honey denied the allegation, and the State then asked again whether anything "happened in the parking lot with the young lady that fell on a bike, and some allegations of you rubbing on her?"

Honey's counsel objected, saying that "nothing about a bike or a young lady" had been disclosed during discovery. The State responded that it was "just cross-examination, it's just things that I've picked up in talking to witnesses." Defense counsel responded that if the prosecution had notes of those conversations, those notes should have been provided during discovery so that he could have anticipated the State's cross-examination. The prosecutor replied that there were no notes and reiterated that these were "just things that I've picked up in talking with witnesses." Defense counsel subsequently moved for a mistrial. The circuit court denied the motion for mistrial but instructed the jury that it was to disregard any allegations or inference regarding the girl on the bike.

After the prosecutor passed the witness, defense counsel asked to approach and argued to the court that he had specifically filed a pretrial motion for discovery of Rule 404(b)

evidence. Counsel contended that the prosecutor's failure to disclose Honey's alleged wrongful conduct was itself wrongful conduct that could not be cured with an instruction from the court. Counsel therefore again asked for a mistrial, which the circuit court again denied.

The jury went on to convict Honey of one count of rape and one count of second-degree sexual assault. He was sentenced to forty years in the Arkansas Department of Correction on the rape conviction and twenty years on the sexual-assault conviction. Honey filed a timely notice of appeal, and he now argues to this court that the circuit court erred in denying his motion for mistrial. As noted above, however, we are unable to address the merits of Honey's argument at this time due to deficiencies in his record, addendum, and abstract.

We first address the deficiencies in Honey's record. At the conclusion of Honey's trial, the circuit court read from verdict forms that the jury foreman handed to the bailiff. Those verdict forms, however, were not included in the record of the proceedings. If anything material to either party is omitted from the record by error or accident, this court can sua sponte direct that the omission be corrected and that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. (6)(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *see also Phillips v. State*, 2015 Ark. App. 138, at 1–2; *Whitson v. State*, 2013 Ark. App. 730. Accordingly, we remand this case to the circuit court to settle and supplement the record with the verdict forms. Honey has thirty days from the date of this opinion to file a supplemental record with this court.

The second deficiency flows from the first one. Because the verdict forms were not a part of the record, they were not included in the addendum. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) (2016), however, requires that jury-verdict forms be included in the addendum when there is a jury trial. *See also Lacy v. State*, 2017 Ark. App. 509. Thus, once the record is settled and supplemented, Honey shall supplement the addendum to include the verdict forms.

The third deficiency pertains to Honey's abstract. At present, Honey's abstract consists of the State's questions to him on cross-examination, his answers, and the colloquy between the court and counsel about the mistrial motion. Honey asserts that his abstract contains all the pertinent information to support his arguments on appeal. The State, however, argues that if the denial of Honey's mistrial motion was in error, any such error was harmless. This court has stated that when a prosecutor's statement is potentially prejudicial, we may still conduct a harmless-error review and affirm if the evidence of guilt is overwhelming. *See, e.g.*, *Kennedy v. State*, 2009 Ark. App. 638, at 4. Here, the State has not provided a supplemental abstract to this court; rather, it cites directly to the record, concluding that there was "overwhelming" evidence of guilt.

It is true that an appellate court may go to the record to affirm. *See Hosey v. Burgess*, 319 Ark. 183, 890 S.W.2d 262 (1995). We must, however, be able to understand the totality of the evidence in order to conduct a harmless-error review. *See Scamardo v. State*, 2012 Ark. App. 78, at 2 (ordering rebriefing where appellant raised "compelling" evidentiary arguments but abstract did not contain sufficient information to discern whether any error was

4

harmless); *see also Lacy, supra* (ordering rebriefing where the argument on appeal was that juror misconduct caused appellant's substantial rights to be prejudiced, but without knowing the substance of the testimony presented at trial, this court was unable to gauge what, if any prejudice he suffered).

The appellant bears the burden of providing a sufficient abstract. *McGehee v. State*, 344 Ark. 602, 605, 43 S.W.3d 125, 128 (2001). We therefore order Honey to provide us with an abstract of the testimony from his trial. *See* Ark. Sup. Ct. R. 4-2(a)(5)(A) (requiring all material information in a transcript to be abstracted).

Following settling and supplementation of the record, Honey shall have fifteen days within which to file a substituted abstract and addendum. Ark. Sup. Ct. R. 4-2(b)(3). Upon the filing of Honey's substituted brief, the appellee will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk. *Id*. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage Honey's counsel to review our rules to ensure that no other deficiencies are present. *Brisher v. State*, 2016 Ark. App. 108, at 2–3.

Remanded to settle and supplement the record; rebriefing ordered.

KLAPPENBACH and VAUGHT, JJ., agree.

*Hodge Calhoun Giattina, PLLC*, by: *Robert E. Hodge III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.

SLIP OPINION