Cite as 2021 Ark. 3

# SUPREME COURT OF ARKANSAS

No. CR–19–762

| | | |
|---|---|---|
| RANDY WILLIAM GAY | | **Opinion Delivered:** January 21, 2021 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-11-428] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | REVERSED AND REMANDED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Randy William Gay was convicted by a Garland County Circuit Court jury of capital murder and sentenced to death. This court affirmed his conviction and sentence. *Gay v. State*, 2016 Ark. 433, at 18, 506 S.W.3d 851, 863. Gay then filed a petition for postconviction relief in the circuit court pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure. After a hearing, the circuit court denied the petition, and Gay now appeals that denial. For reversal, he asserts that (1) he was denied the right to a fair and impartial jury, (2) he received ineffective assistance of counsel for eight reasons, (3) Form 3 of the death-penalty jury instructions prohibited the jury from exercising mercy, (4) the sentence did not meet the statutory and constitutional requirements for imposing a death sentence, (5) the verdict forms were ambiguous, and (6) the prosecution improperly argued lack of remorse as a nonstatutory aggravating factor. We reverse and remand to the circuit court for entry of an order that complies with Rule 37.5(i).

Rule 37.5 sets out the postconviction procedures for death-penalty cases. *See Fudge v. State*, 354 Ark. 148, 151, 120 S.W.3d 600, 601 (2003). Subsection (i) provides in part that the circuit court shall "make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition." Ark. R. Crim. P. 37.5(i) (2020). This court has held that this provision imposes a "more exacting duty" on the circuit court than Arkansas Rule of Criminal Procedure 37.3(c), which governs postconviction procedures in non-death-penalty cases. *Echols v. State*, 344 Ark. 513, 519, 42 S.W.3d 467, 470 (2001). Under Rule 37.5(i), the petitioner determines the issues that must be addressed by the circuit court in a written order, while under Rule 37.3(c), the circuit court determines the issues and then makes specific written findings of fact and conclusions of law with respect to those issues. *See Decay v. State*, 2013 Ark. 185, at 2.

Here, in the last of his eight allegations of ineffective assistance of counsel raised on appeal, Gay argues that his trial counsel was ineffective for failing to adequately investigate and challenge the aggravating factors of the second-degree murders of Glen Gay and Jim Kelly. From our review of the circuit court's order denying the postconviction petition, there are no findings of fact or conclusions of law addressing this claim. Therefore, we hold that the circuit court failed to make specific written findings of fact and conclusions of law— as required under Rule 37.5(i)—on Gay's last claim of ineffective assistance of counsel. Accordingly, we reverse and remand on this point for entry of an order containing findings of fact and conclusions of law in compliance with Rule 37.5(i). *Id.*

Our remand is confined to the single ineffective-assistance claim discussed herein. No new claims may be raised on remand, and all other claims raised below but not argued on appeal are considered abandoned. *Id.* To avoid lengthy delay, we direct the circuit court to complete the order within sixty days from the date the mandate is issued.

Reversed and remanded.

Special Justice TIM SNIVELY joins.

WOOD, J., not participating.

*Fuqua Campbell, P.A.*, by: *J. Blake Hendrix*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen.; and *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.