Cite as 2024 Ark. App. 282

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-22-679

| | |
|---|---|
| CHRISTINA MARZIALE, INDIVIDUALLY AND AS MOTHER OF BABY BOY MARZIALE; AND DANA MCLAIN, ADMINISTRATOR OF THE ESTATE OF ELAINE MARZIALE<br><br>APPELLANTS<br><br>V.<br><br>KIMBERLY BROWN, SPECIAL ADMINISTRATOR FOR THE ESTATE OF TENISHA BROWN, IN HER INDIVIDUAL CAPACITY; TYRAN TURNER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JENNIFER FRIERSON, IN HER INDIVIDUAL CAPACITY AND IN HER OFFICIAL CAPACITY; PHYLLIS SILAS; WELLPATH, LLC, F/K/A CORRECT CARE SOLUTIONS, LLC; STEPHEN COOK; MAKITA LAGRANT; AND JOHN DOES 5–10, IN THEIR INDIVIDUAL CAPACITIES<br><br>APPELLEES | Opinion Delivered May 1, 2024<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-18-660]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## RAYMOND R. ABRAMSON, Judge

This is an Arkansas Civil Rights Act case involving a jail transport to the Jefferson

County Regional Medical Center (JRMC) on October 4, 2015. Inmate Christina Marziale

was pregnant with twins, a boy and a girl, at the time.[1] She, on behalf of herself and her infant male son, and Dana McLain, the appointed administrator of the estate of Elaine Marziale, Christina's deceased daughter, sued multiple parties, including Tenisha Brown, a Division of Community Correction (DCC) guard, in her official and individual capacity. During the litigation, Tenisha died, and her sister Kimberly was appointed special administrator of her estate. Marziale appeals from the July 13, 2022 Jefferson County Circuit Court order denying her summary-judgment motion and granting Brown's cross-motion for summary judgment and amended cross-motion for summary judgment.

The procedural history of this case is convoluted, and because we hold that the record before us may not be complete, we do not address it in detail here. Marziale originally filed suit on October 7, 2015, in the Pulaski County Circuit Court, and the case was later transferred to the Jefferson County Circuit Court. The litigation became a procedural morass,[2] and we cannot ascertain from the record whether we have been presented with everything needed to decide this appeal.

Marziale's notice of appeal complies with Ark. R. App. P.–Civ. 3(e)(vi) by stating that she abandons all pending and unresolved claims. However, this court does not have

---

[1]The babies were delivered that day, but Marziale's daughter subsequently died.

[2]Including but not limited to a circuit court case that was removed to federal court, of which Brown was not a party, but her deposition was taken in the state court case before she was later sued and obtained counsel. See *Marziale v. Correct Care Sols., LLC*, No. 35CV-16-72 (Jefferson Cnty. Cir. Ct.) (compl. filed Feb. 11, 2016), and *Marziale v. Correct Care Sols., LLC*, No. 5:18-cv-86-DPM (E.D. Ark. Jan. 19, 2021), ECF No. 304.

jurisdiction to review any order other than the circuit court's grant of summary judgment because that is the only order identified in the notice of appeal. *See* Ark. R. App. P.– Civ. 3(e)(ii). The notice of appeal explicitly identified the order appealed from as "the grant of summary judgment to Kimberly Brown."

While Marziale designates a partial record on appeal, in appellee's brief, Brown's counsel references the following: "The record contains a transcript of one hearing on summary judgment. There was a second hearing on summary judgment on June 30, 2022. The hearing was oral argument, but the transcript is not in the record."

A record on appeal shall be compiled in accordance with the rules of the Arkansas Supreme Court and Court of Appeals. Ark. R. App. P.–Civ. 6(a).  The record in civil cases consists of the pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates. Ark. Sup. Ct. R. 3-1(n). If an appellant is going to argue on appeal that the evidence does not support, or is contrary to, a finding or conclusion, the party "shall include in the record a transcript of all evidence relevant to such finding or conclusion." Ark. R. App. P.–Civ. 6(b). If anything material to either party is omitted from the record, either by error or by accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. Sup. Ct. R. 3-3; Ark. R. App. P.–Civ. 6(e); *Perez v. State*, 2015 Ark. App. 561; *Lacy v. State*, 2017 Ark. App. 509; *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368, at 5–6.

Here, we remand this case to settle and supplement the record because we are unable to determine whether a summary-judgment hearing occurred on June 30, 2022. Because

Marziale appeals only the "grant of summary judgment to Kimberly Brown," this hearing is material to our decision. Accordingly, we hereby remand this case to the circuit court to settle and supplement the record within thirty days from the date of this opinion.

Remanded to settle and supplement the record.

THYER and MURPHY, JJ., agree.

*Luther Oneal Sutter* and *Lucien R. Gillham*, for appellants.

*McDaniel Wolff, PLLC*, by: *Scott P. Richardson*, for separate appellee Kimberly Brown.