Cite as 2026 Ark. 27

# SUPREME COURT OF ARKANSAS

No. CR-25-173

| | | |
|---|---|---|
| CURTIS DORSEY | | **Opinion Delivered:** February 12, 2026 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-17-3259] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE KAREN D. WHATLEY, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED.</u> |

**BARBARA W. WEBB, Justice**

Appellant Curtis Dorsey appeals from the denial of his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2024). Dorsey was convicted of first-degree murder by a Pulaski County jury and sentenced to a term of life imprisonment plus fifteen years for a firearm enhancement. Dorsey's conviction and sentences were affirmed on direct appeal. *Dorsey v. State*, 2020 Ark. 316, 607 S.W.3d 485.

Dorsey filed his first Rule 37.1 petition pro se but subsequently hired counsel and filed an amended Rule 37.1 petition. In his amended petition, Dorsey alleged five ineffective-assistance-of-counsel claims. A hearing was held on the petition wherein Dorsey's trial counsel and an independent investigator hired by Dorsey testified. The trial court entered a detailed order that considered the evidence presented at the postconviction hearing, addressed Dorsey's five ineffective-assistance-of-counsel claims, and concluded that Dorsey failed to demonstrate that counsel's representation fell below an objective standard

of reasonableness such that the outcome of the trial would have been different but for counsel's conduct. We affirm.

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

The standard for ineffective-assistance-of-counsel claims is the two–prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Neal v. State*, 2025 Ark. 151, 720 S.W.3d 858. Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced petitioner's defense. *Id.* Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id.* Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Id.* A petitioner has the burden of overcoming this presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A court need not address both components of the *Strickland* inquiry if the petitioner makes an insufficient showing on one. *Id.* To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is one that is

sufficient to undermine confidence in the outcome of the trial. *Id*. Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id*.

The evidence adduced at trial demonstrated that on September 5, 2016, Dorsey's business partner, Sharniece Hughes, was fatally shot outside her home. *Dorsey*, 2020 Ark. 316, 607 S.W.3d 485. Dorsey and Hughes operated a food-truck business together, and on the day of the murder, Dorsey was at Hughes's home, returning the food trailer that was hitched to a black Toyota Tundra pickup truck owned by Hughes. *Id*.

At trial, five eyewitnesses including Hughes's daughter, mother, and neighbors testified to the events surrounding Hughes's murder. *Id*. Hughes's daughter testified that shortly before hearing gunshots, she saw Dorsey outside in the black pickup truck. Hughes's mother testified that Dorsey was at the house that morning unloading the trailer from the black pickup truck. *Id*. Juan Antonio Reyes stated that he stepped outside after hearing gunshots and saw an individual driving off in a black truck. Reyes further stated that he recognized this man as the individual who would pick up and drop off the food trailer at Hughes's home. *Id*. Shannon Branham testified that she heard several gunshots and opened her door and saw Hughes lying on the ground and a black truck turning off the street. Lakierra Madden testified that she overhead two individuals conversing outside Hughes's home, heard gunshots, looked out her window, and saw a man shoot a woman multiple times and then drive off in a black truck. *Id*.

Evidence further demonstrated that following the shooting, Dorsey abandoned his food-truck business and his job as a mental-health technician. *Id*. He was not located until October 16, 2016, when police stopped him in El Paso, Texas. *Id*. Dorsey was pulled over

3

driving the same black truck that was last seen leaving the site of the murder. When police ordered him to exit the vehicle, Dorsey drove off, and a chase ensued, reaching speeds in excess of one hundred miles an hour. *Id.* Dorsey ultimately evaded El Paso police by driving across the border into Mexico. Dorsey was finally apprehended on July 13, 2017, in Clarksburg, West Virginia, where Dorsey attempted to evade apprehension by jumping out of a third-story window, breaking his leg while doing so. *Id.*

On appeal from the denial of his postconviction petition, Dorsey raises three claims of ineffective assistance of counsel that were raised in the trial court: (1) trial counsel failed to adequately cross-examine witnesses Reyes and Branham by pointing out conflicts and inconsistencies in their testimony in that both Reyes and Branham stated that they were first to witness the murder; (2) trial counsel failed to hire an investigator to photograph and survey the neighborhood where the crime took place for the purpose of calculating the distance between Reyes's house and Hughes's house;[1] (3) trial counsel failed to obtain the dashcam video of the traffic stop and ensuing car chase that took place in El Paso, Texas, to demonstrate that Dorsey was not the individual who fled in the black truck.

Dorsey's first claim that trial counsel failed to aggressively cross-examine Reyes and Branham is not borne out by the direct-appeal record.[2] The transcript reveals that both witnesses were thoroughly cross-examined on the inconsistencies between their pretrial

[1]Dorsey's Rule 37.1 counsel hired an investigator, Roy Spann, who measured the distance between Reyes's house and Hughes's house and presented his findings at the hearing.

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

statements and trial testimony as well as contradictions between each one's trial testimony. Dorsey has therefore failed to overcome the presumption that his trial counsel provided effective representation. *Neal*, 2025 Ark. 151, 720 S.W.3d 858.

In support of his second claim that trial counsel failed to cast doubt on Reyes's identification of him as the perpetrator, Dorsey hired an investigator to determine the distance between Reyes's house and Hughes's house. Dorsey's efforts in this regard failed to establish a viable claim under the *Strickland* standard. Trial counsel's testimony at the postconviction hearing and the transcript of the direct appeal demonstrate that the jury was made aware of the area surrounding the crime scene and the proximity of the witnesses' houses to that of Hughes's house.

Dorsey's third claim that trial counsel failed to obtain the dashcam video connected to the flight from police that took place in El Paso, Texas, does not establish that counsel was ineffective. As we observed in our opinion affirming Dorsey's conviction, evidence of flight is admissible to show consciousness of guilt, even if the flight was not immediately after the alleged commission of the crime. *Dorsey*, 2020 Ark. 316, 607 S.W.3d 485. Here, evidence established that in addition to fleeing from police in El Paso, Texas, Dorsey fled the state of Arkansas following Hughes's murder and jumped out of a third-story window in an attempt to avoid capture in West Virginia. The trial court did not clearly err when it rejected Dorsey's ineffective-assistance-of-counsel claims.

Affirmed.

Special Justice MILTON FINE joins.

BRONNI, J., not participating.

5

*Curtis Dorsey*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.